597 So.2d 641 (1992)
Roger Lynn HARVESTON
v.
STATE of Mississippi.
No. 90-KP-0733.
Supreme Court of Mississippi.
April 15, 1992.
Roger Lynn Harveston, pro se.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and McRAE, JJ.
McRAE, Justice, for the Court:
Roger Lynn Harveston appeals from an order of the Circuit of Lincoln County, Mississippi, denying post-conviction collateral relief without the court first conducting an evidentiary hearing. After a careful review *642 of the record and applicable law, we affirm.

Facts
On September 8, 1986, Harveston was indicted for the crimes of conspiracy to commit felonious jail escape, felonious jail escape, and simple assault upon a law enforcement officer.
On September 23, 1986, Harveston executed under oath and filed with the court a document setting forth his constitutional and statutory rights, acknowledging that a plea of guilty waived those rights, stating that he had not been threatened, abused, mistreated, or promised anything to cause him to want to plead guilty, and that he was pleading guilty to simple assault on a police officer because he was guilty of the offense and for no other reason.
A thorough and extensive plea hearing attended by Harveston and his counsel was conducted by Circuit Judge Joe N. Pigott on September 23, 1986, of which a transcript was made.
The court accepted Harveston's plea of guilty to simple assault on a law enforcement officer and sentenced him to serve a term of three (3) years in custody of the Mississippi Department of Corrections, said sentence to run consecutively to any other sentence he had received. At that time, Harveston was serving a life sentence for murder. See Harveston v. State, 493 So.2d 365 (Miss. 1986). The remaining two counts of the indictment were dismissed.
On August 31, 1989, Harveston filed his Motion for Post-Conviction Collateral Relief alleging that his guilty plea to the assault charge was involuntarily made as a result of ineffective assistance of counsel. Specifically, Harveston alleged:
(1) His court-appointed attorney failed to make pretrial investigation;
(2) His attorney talked to him for only an hour and fifteen minutes subsequent to the appointment and prior to Harveston's guilty plea and sentence;
(3) Harveston was misinformed by his attorney that he would be tried as an habitual criminal if he did not plead guilty and accept a sentence of three years for simple assault on a law enforcement officer; and
(4) Harveston's plea was induced by fear of receiving a sentence of life without parole and the deception of his attorney in informing him that he could receive life without parole under the indictment.
The circuit court judge, pursuant to Miss. Code Ann. § 99-39-11 (Supp. 1991), examined the motion and summarily denied and dismissed same. Harveston appeals, contending:
(1) The trial judge erroneously denied his petition for post-conviction collateral relief without conducting a hearing;
(2) His attorney's misinforming him resulted in the denial of his Fifth, Sixth and Fourteenth Amendment rights because he relied upon and acted solely upon his attorney's advice.

Law
Harveston's complaints of ineffective assistance of counsel, because his attorney failed to make pretrial investigation and to spend more time with him, are insufficient as a matter of law. Harveston fails to allege that the asserted errors of his attorney proximately resulted in his guilty plea and, but for these errors, he would not have entered the plea. See Reynolds v. State, 521 So.2d 914, 918 (Miss. 1988); Odom v. State, 498 So.2d 331, 333-34 (Miss. 1986); Coleman v. State, 483 So.2d 680, 682-83 (Miss. 1986).
Harveston's allegation that his guilty plea was induced by misrepresentations of his attorney is belied by the plea colloquy between Harveston and the trial court judge. The trial court properly considered the prior proceedings in the case. Miss. Code Ann. § 99-39-11 (Supp. 1991).
The Court has reviewed the transcript of the hearing held when Harveston entered his plea of guilty. The transcript shows the trial court explained to Harveston that, pursuant to statute, a person who has been convicted of two previous offenses, one of which was a crime of violence, and has served more than one year of the sentences which he received, would meet the criteria *643 of an habitual criminal. Harveston was further advised by the court that if he were convicted of another crime, he could be sentenced to life imprisonment without benefit of parole. Harveston indicated he understood the explanation of the court. Harveston also represented to the court that he had not been threatened, abused, mistreated, or promised anything to cause him to wish to plead guilty. See Turner v. State, 590 So.2d 871, 874 (Miss. 1991) wherein we stated:
We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Myers v. State, 583 So.2d 174 (Miss. 1981); Harris v. State, 578 So.2d 617, 619 (Miss. 1991); Wright v. State, 577 So.2d 387, 389 (Miss. 1991); Billiot v. State, 515 So.2d 1234, 1237 (Miss. 1987).
In Sanders v. State, 440 So.2d 278 (Miss. 1983), we reversed for failure of the trial court to grant an evidentiary hearing where an accused asserted that because of his attorney's misrepresentation he lied to the court about the absence of any threats or promises and disregarded warnings as to the possible sentence. Harveston, however, does not contend that he lied to the court because of misrepresentations by his attorney. Harveston falls within the fact ambit and pronouncement of this court in Houston v. State, 461 So.2d 720 (Miss. 1984). In Houston, we affirmed the action of the trial court in summarily denying a post-conviction relief petition because the transcript showed affirmatively that Houston's plea was freely and voluntarily made. In Houston, we stated:
Houston's contention that he entered his plea of guilty on the firm representation by his counsel of a lenient sentence dissolves before the light of the transcript... .
* * * * * *
The trial court's interrogation of Houston in qualifying his plea of guilty clearly reveals that he was not offered any promises or hopes of reward for the plea of guilty, nor was he coerced, threatened or intimidated into making that plea... . Houston . .. does not contend that he lied about the absence of threats or promises nor can he reasonably contend that he expected a more lenient sentence in view of the trial judge's crystal clear admonition that life imprisonment was the only sentence he could impose. .. .
461 So.2d at 723-724.
In this case, the court fully informed Harveston of the maximum sentence for the assault crime charged in the indictment and the effect of the habitual criminal statute if he subsequently committed another crime of violence. Harveston acknowledged to the court that no one had threatened, abused or mistreated him in any way, or promised him anything to cause him to wish to plead guilty. He further acknowledged that he realized no one wanted him to plead guilty unless he, in fact, was guilty of the offense to which he entered his plea. Under these circumstances, Harveston's claim that his guilty plea was involuntary and not knowingly made is manifestly without merit.
The action of the trial court in summarily dismissing Harveston's motion was proper and is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.