# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-01218-SCT

*BRIAN SNEED*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/94 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 4/10/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On August 19, 1993, in the Circuit Court of Quitman County, Brian Sneed entered a plea of guilty to a charge of burglary of a building and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections. On October 28, 1994, Sneed filed in that court a motion to vacate and set aside the conviction and sentence, which motion the court denied. On appeal before this Court, Sneed assigns as error the following issues.

> **1. Whether Sneed was denied his right to effective assistance of counsel guaranteed to him under the Sixth Amendment to the United States Constitution and the Mississippi Constitution.**

> **2. Whether Sneed was convicted and sentenced of the crime of burglary of a building**

**pursuant to an indictment that was fatally defective.**

**3. Whether the trial court erred when it failed to conduct an evidentiary hearing based upon the facts and issues raised in Sneed's post-conviction motion.**

**4. Whether the trial court erred in failing to advise Sneed of the minimum penalty prescribed by law for the crime of burglary of a building, and in failing to advise him of the critical elements of the crime.**

**5. Whether the trial court erred in dismissing Sneed's post-conviction motion without holding an evidentiary hearing in that there was a clear showing of a denial of a state or federal constitutional right.**

## FACTS

On or about August 1, 1993, Brian Sneed ("Sneed") broke into an out building, located at Route 2, Box 135, in Marks, Mississippi, with the intent to steal items therein. On August 17, Sneed was indicted in the Circuit Court of Quitman County for Burglary of a Building under Miss. Code Ann. § 97-17-33 (1972), and was charged as an habitual offender under § 99-19-81.

On August 19, 1993, Sneed, accompanied by his lawyer T.H. Pearson ("Pearson") of Clarksdale, appeared in open court before Circuit Judge John L. Hatcher for a guilty plea hearing. At this guilty plea proceeding, the prosecutor, Lawrence Mellen ("Mellen"), testified that upon Sneed entering a plea of guilty, the State would not proceed upon the habitual offender charge under § 99-19-81. After that, Judge Hatcher proceeded to ask a series of questions in which Sneed testified he understood the charges against him and the rights he was waiving by pleading guilty. Additionally, Judge Hatcher asked Sneed's lawyer, Pearson, whether he had advised Sneed of all his constitutional rights and of the maximum and minimum sentences that could be imposed upon his plea of guilty. Pearson testified that, yes, he had advised Sneed. Thereafter, the Court found that Sneed's guilty plea was intelligently, understandingly, freely and voluntarily made. As such the Court accepted Sneed's plea and sentenced him to five (5) years under supervision and control of the Department of Corrections. On October 28, 1994, Sneed petitioned the court to vacate and set aside the conviction and sentence, which motion the court denied.

## LAW

**1. Whether Sneed was denied his right to effective assistance of counsel guaranteed to him under the Sixth Amendment to the United States Constitution and the Mississippi Constitution.**

Sneed contends that his counsel, Pearson, rendered constitutionally ineffective assistance. To prevail on this claim with respect to the entry of a guilty plea, Sneed must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the now-familiar *Strickland* standard, the defendant must prove: (1) that his counsel's performance was deficient; and (2) that but for counsel's deficient performance, the result of the proceeding would probably have been different. *Leatherwood v. State*, 539 So. 2d 1378, 1381 (Miss.1989).

To satisfy the second prong, "the defendant must show that there is a reasonable probability that, *but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.*" **Hill**, 474 U.S. at 59.(emphasis added); *see also, **Reynolds v. State***, 521 So. 2d 914, 918 (Miss.1988) (holding that defendant must show unprofessional errors of substantial gravity that proximately resulted in his guilty plea); ***Odom v. State***, 498 So. 2d 331, 334 (Miss. 1986). Because Sneed in his brief "fails to allege that the asserted errors of his attorney proximately resulted in his guilty plea and, but for these errors, he would not have entered the plea," his claim lacks merit. ***Harveston v. State***, 597 So. 2d 641, 642 (Miss.1992).

Sneed submits several allegedly "unprofessional errors" committed by Pearson. First, Sneed contends that Pearson failed to protect his rights by not scrutinizing the indictment brought against him. However, because the indictment was not fatally defective, as discussed below, Pearson cannot be deemed ineffective for having failed to move to quash it. Sneed argues also that Pearson failed to protect his rights to a preliminary hearing and that this prejudiced Sneed by not allowing him to see the evidence against him or the testimony of his accusers. We note that although a preliminary hearing was scheduled for August 26, 1993, Sneed pleaded guilty seven days earlier on August 19. We find that counsel cannot rationally be faulted for failing to "protect the defendant's right" to a post-indictment (indeed, post-conviction) preliminary hearing. Moreover, Sneed waived any rights he had when he pleaded guilty.

Sneed contends Pearson failed to advise him during plea negotiations that before the trial court could impose an habitual offender sentence, a full bifurcated hearing must be conducted and evidence must be submitted to prove that Sneed had at least two prior convictions. Additionally, Sneed argues that Pearson failed to advise him of the nature and critical elements of the crime of burglary of a building and that Pearson failed to advise Sneed of the minimum penalty provided by law for the crime to which he pleaded guilty. The record belies Sneed's contentions, for Pearson testified that he talked with his client and informed Sneed of the elements of the charges against Sneed and the proof necessary for a conviction. Furthermore, the claim that counsel failed to advise the defendant of the elements of the offense and the attendant minimum penalty[1] is refuted by the plea transcript, and Sneed has alleged nothing to disparage the truthfulness of the statements contained therein. (R.15-19) ***Harveston***, 597 So. 2d at 642-43. We find this assignment of error is without merit.

### 2. Whether Sneed was convicted and sentenced of the crime of burglary of a building pursuant to an indictment that was fatally defective.

Sneed contends that the indictment returned against him "was fatally defective because of the omission of the affidavit of the Grand Jury Foreman." A cursory glance at the indictment reveals the falsity of this proposition. The indictment is accompanied by the affidavit of the foreman of the grand jury as required by Miss. Code Ann. § 99-7-9 (1972) (as amended). Moreover, any such defect in the indictment would have been waived by the guilty plea. ***Jefferson v. State***, 556 So. 2d 1016, 1019 (Miss.1989). This assignment of error is without merit.

### 3. Whether the trial court erred when it failed to conduct an evidentiary hearing based upon the facts and issues raised in Sneed's post-conviction motion.

Sneed contends the circuit court erred by not conducting a preliminary hearing. He asserts that every arrested person is entitled to a preliminary hearing on probable cause and that the failure to grant

such violated his right to due process under the Fourteenth Amendment to the United States Constitution and under Article III, Section IV of Mississippi's Constitution. Sneed further asserts that neither he nor Pearson waived the preliminary hearing.

This Court disagrees with Sneed's contentions. Sneed was indicted August 17, 1993, and the trial court ordered a preliminary hearing for August 26, 1993. However, no preliminary hearing was held because Sneed entered his guilty plea on August 19, 1993, seven days before the scheduled hearing. Even if he had been entitled to a preliminary hearing, the court' s failure to conduct one would have been waived by the plea. *Jefferson*, 556 So. 2d at 1019. In any event, Sneed was not entitled to a post-indictment, much less to a post-guilty plea, preliminary hearing. *Mayfield v. State*, 612 So. 2d 1120, 1128-29 (Miss.1992) (citing *Hansen v. State*, 592 So. 2d 114, 155 (Miss. 1991)). Accordingly, Sneed's third assignment of error is without merit.

> **4. Whether the trial court erred in failing to advise Sneed of the minimum penalty prescribed by law for the crime of burglary of a building, and in failing to advise him of the critical elements of the crime.**

**A.**

Sneed argues that the circuit court's acceptance of his guilty plea violated *Vittitoe v. State*, 556 So. 2d 1062 (Miss.1990), wherein we held that "because [the defendant] was ignorant of the mandatory minimum sentence for the charge to which he was pleading and stated that he would not have pled had he known this information, it cannot be said that his plea was 'voluntarily and intelligently made.'" 556 So. 2d at 1065. In this case, prior to accepting Sneed's plea, the circuit court complied with *Vittitoe* and Mississippi Uniform Criminal Rule of Circuit Court Practice 3.03 by informing Sneed that the maximum penalty to which he could be sentenced was a term of seven years imprisonment. Sneed alleges error in the court's failure to advise him of the statutory minimum penalty, which does not exist. Sneed's reliance on *Vittitoe* is thwarted by the fact that there is no statutory minimum sentence for burglary of a building other than a dwelling. Miss. Code Ann. § 97-17-33 (1972). The pertinent part of this section reads as follows: "Every person who shall be convicted of breaking and entering . . . shall be guilty of burglary, and imprisoned in the penitentiary *not more than* seven (7) years." *Id.* (emphasis added). Thus, it is evident the statute dictates no minimum sentence. As such we repeat what we stated in *Bevill v. State*, 669 So. 2d 14, 18-19 (Miss. 1996):

> Where the statute specifies no minimum number of years of imprisonment, the judge is *not* obliged to inform the defendant that no minimum sentence is provided, or that the minimum penalty he faces is "zero." . . . A defendant pleading guilty to robbery must, under rule 3.03 of the Uniform Rules of Circuit Court Practice (and Rule 8.04 of the Uniform Circuit Court and County Court Rules), be advised that he faces a maximum sentence of fifteen years; *he has no right to be informed that the statute contains no minimum sentencing requirement*.

(emphasis added). Thus, "a trial judge is required to advise the defendant of a minimum sentence only if a minimum sentence is provided by the statute under which he is being sentenced." *Bevill*, 669 So. 2d at 19.

Because the statute provides no minimum penalty, we conclude that the circuit court properly rejected Sneed's argument. *Bevill,* 669 So. 2d 18-19; *Simpson v. State,* 678 So. 2d 712, 715 (Miss.

1996); *See also* **Gibson v. State**, 641 So. 2d 1163, 1166 (Miss. 1994)*; Sykes v. State*, 624 So. 2d 500, 503 (Miss.1993).

## B.

Sneed also cites **Boykin v. Alabama**, 395 U.S. 238 (1969), for the contention that his plea was invalid because the court failed to advise him of the nature and critical elements of the crime charged. However, the transcript of the plea hearing reveals that the court asked Sneed to "listen carefully" while the District Attorney read the indictment returned against him. The court subsequently asked Sneed whether he understood that by pleading guilty, he was admitting that he "did, in fact, commit the crime stated in the indictment." Sneed replied, "Yes, sir." Finally, the court asked defense counsel whether he had "informed the defendant of the elements of the charges against him and the proof necessary for a conviction." Defense counsel answered, "Yes, your Honor." Therefore, the record belies Sneed's assertions and the court was justified in determining that Sneed was informed of the nature and critical elements of the crime charged. *Sykes*, 624 So. 2d at 502. This assignment of error lacks merit.

> **5. Whether the trial court erred in dismissing Sneed's post-conviction motion without holding an evidentiary hearing in that there was a clear showing of a denial of a state or federal constitutional right.**

Sneed's final argument that the circuit court erred in failing to grant an evidentiary hearing is premised on the merit of his Arguments I through IV. Upon finding those assignments to be without merit, we conclude that Sneed's motion was properly dismissed pursuant to Miss. Code Ann. § 99-39-11(2) (1972) (as amended), which provides:

> If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Accordingly, this assignment is without merit.

## CONCLUSION

We find that Sneed's assignments of error are without merit. The trial court properly denied his motion to vacate and set aside the conviction and sentence.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**


1. There is no statutory minimum penalty for burglary under Miss. Code Ann. § 97-17-33 (1972) (as amended).