IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-00042-SCT

*ARVIN DALE ROCHELL*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/96 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ROGER W. WILLIAMS |
| DISTRICT ATTORNEY: | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 1/15/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/24/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Arvin Dale Rochell was indicted on two counts of capital murder and one count of arson. On January 11, 1994, Rochell entered a plea of guilty to one count of simple murder and one count of arson. The Calhoun County Circuit Court accepted Rochell's guilty plea and sentenced him to life imprisonment for the crime of murder and a concurrent twenty (20) year sentence for the crime of arson to be served in the custody of the Mississippi Department of Corrections.

On December 10, 1996, Rochell filed a petition for post-conviction relief in the Calhoun County Circuit Court. In his petition, Rochell alleged the following: (1) statements given by him to police officers were involuntary and should be suppressed; (2) his constitutional right to a speedy trial was violated; (3) being convicted of both murder and the underlying felony of arson constituted double jeopardy; (4) the indictment under which he was arrested was defective; (5) his right to effective assistance of counsel was violated; and (6) his guilty plea was not voluntarily, intelligently, and

knowingly given. The trial court summarily denied the petition and denied all relief requested. Rochell now appeals to this Court from the denial of his petition.

## FACTS

Arvin Dale Rochell was arrested and charged with two counts of capital murder and one count of arson after confessing to his involvement in a May 2, 1992 house fire which took the lives of Hazel McMahon and Nell McMahon. On January 11, 1994, Rochell, after agreeing to a plea bargain, entered a plea of guilty to one count of simple murder and one count of arson. The Calhoun County Circuit Court accepted Rochell's guilty plea and subsequently sentenced him to life imprisonment for the crime of murder and a concurrent twenty year sentence for the crime of arson to be served in the custody of the Mississippi Department of Corrections.

On December 10, 1996, Rochell filed a Petition for Post-Conviction Collateral Relief Motion to Vacate and/or Set Aside Conviction and Sentence. In his petition, Rochell raised the following claims: (1) statements given by Rochell to police officers were involuntary and should be supressed; (2) his constitutional right to a speedy trial was violated; (3) being subjected to punishment for both murder and the underlying felony of arson constituted double jeopardy; (4) the indictment charging Rochell was defective because it did not conclude with the phrase "against the peace and dignity of the state"; (5) Rochell's constitutional right to effective assistance of counsel was violated; and (6) Rochell's guilty plea was not voluntarily, intelligently, and knowingly given.

On December 16, 1996, the trial court entered an order denying Rochell post-conviction relief. The trial court concluded that Rochell was not entitled to any relief and summarily dismissed his petition pursuant to Miss. Code Ann. § 99-39-11(2).

Aggrieved, Rochell now appeals to this Court, citing the following issues:

> **I. WHETHER ROCHELL'S GUILTY PLEA WAS VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.**
>
> **II. WHETHER STATEMENTS MADE BY ROCHELL SHOULD BE SUPPRESSED BECAUSE THEY WERE TAKEN IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.**
>
> **III. WHETHER ROCHELL'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE III, SECTION 26 OF THE MISSISSIPPI CONSTITUTION WAS VIOLATED DUE TO A 619 DAY DELAY BETWEEN HIS ARREST AND PLEA BARGAIN.**
>
> **IV. WHETHER THE TRIAL COURT VIOLATED THE PROHIBITIONS OF THE DOUBLE JEOPARDY CLAUSE OF BOTH THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS BY CONVICTING ROCHELL OF MURDER AND ARSON.**
>
> **V. WHETHER ROCHELL'S INDICTMENT WAS DEFECTIVE AND IN VIOLATION OF SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890 BECAUSE IT**

**DID NOT CONCLUDE WITH THE PHRASE "AGAINST THE PEACE AND DIGNITY OF THE STATE."**

**VI. WHETHER ROCHELL'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED.**

## DISCUSSION OF LAW

### I. WHETHER ROCHELL'S GUILTY PLEA WAS VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.

Rochell alleges that his guilty plea was involuntary and that the trial court erred by summarily denying his request for the opportunity of an evidentiary hearing to prove his claims.

When determining the validity of a guilty plea, this Court has held that a "'guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered.'" *Drennan v. State*, 695 So. 2d 581, 584 (Miss. 1997) (quoting *Banana v. State*, 635 So. 2d 851, 854 (Miss. 1994)). *See, e.g.*, *Boykin v. State*, 395 U.S. 238 (1969); *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992); *Myers v. State*, 583 So. 2d 174, 177 (Miss. 1991); *Wilson v. State*, 577 So. 2d 394, 397 (Miss. 1991). In addition, Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court Practice, entitled "*Voluntariness*", provides that "[a] plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements." URCCC 8.04(A)(3).

The Post-Conviction Collateral Relief Act provides the trial court with the following procedure in reviewing an accused's petition for post-conviction relief to determine whether it warrants an evidentiary hearing. Miss. Code Ann. § 99-39-11 provides in part:

> (1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.

> (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Miss. Code Ann. § 99-39-11(1)-(2) (Supp. 1997). Additionally, Miss. Code Ann. § 99-39-9(1) requires that the following pleading information be included in a motion for post-conviction relief:

> (d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.

> (e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to

obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Miss. Code Ann. § 99-39-9(1)(d)-(e) (1994). Thus, if the pleadings are complete as required above then the accused is entitled to an evidentiary hearing unless it plainly appears that the accused is not entitled to any relief.

Furthermore, this Court has held that "[a] prima facie claim must be stated by the defendant in his petition to the lower court in order to obtain an evidentiary hearing on the merits of an ineffective assistance of counsel issue." **Robertson v. State**, 669 So. 2d 11, 13 (Miss. 1996) (citing **Brooks v. State**, 573 So. 2d 1350, 1353 (Miss. 1990)). "We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Turner v. State**, 590 So. 2d 871, 874 (Miss. 1991). *See, e.g.*, **Robertson**, 669 So. 2d at 13; **Harveston v. State**, 597 So. 2d 641, 643 (Miss. 1992); **Harris v. State**, 578 So. 2d 617, 619 (Miss. 1991); **Billiot v. State**, 515 So. 2d 1234, 1237 (Miss. 1987).

Rochell contends that his guilty plea was involuntary and unintelligent as a result of coercion by his counsel. Rochell specifically alleges that his counsel threatened and coerced him into pleading guilty so that he would not have to face the possibility of having the death penalty imposed on him. Rochell further claims that he lied at the guilty plea hearing when he pled guilty and when he stated that nobody had done anything to threaten him or coerce him to plead guilty. Rochell additionally contends that his counsel coached him on how to answer the questions at the guilty plea hearing. Rochell finally requests that he be granted an evidentiary hearing allowing him to present evidence to prove his claims.

In support of these contentions, in addition to his own sworn affidavit, Rochell provides the sworn affidavits of Teresa Broughman and Barbora McMahan. In their affidavits, Broughman and McMahan both testify that Rochell stated to his counsel that he would be lying if he pled guilty to the crimes and that his counsel responded that the Court would not care this time. Broughman and McMahan state that Rochell discussed the possibility of pleading guilty with them and that he was unsure about it until his counsel persuaded him that he would not be subject to perjury. Broughman and McMahan additionally confirmed Rochell's contention that his counsel coached him on how to respond to the questions at the guilty plea hearing.

In **Sanders v. State**, this Court reversed and remanded for the trial court's failure to grant an evidentiary hearing where an accused claimed that his guilty plea was involuntary because due to his attorney's misrepresentations, he lied to the court about the absence of any threats or promises of preferred sentencing treatment. **Sanders v. State**, 440 So. 2d 278, 288 (Miss. 1983). In so holding, the Court stated:

> The question whether a plea of guilty was a voluntary and knowing one necessarily involves issues of fact. Advice received by the defendant from his attorney and relied upon by him in tendering his plea is a major area of factual inquiry. . . . Where defense counsel advises the defendant to lie and tell the court that the guilty plea has not been induced by promises of leniency (when in fact it has), the plea may be attacked. The law is clear that where the

defendant receives any such advice of counsel, and relies on it, the plea has not been knowingly and intelligently made and is thus subject to attack.

*Sanders*, 440 So. 2d at 283-84 (citations omitted) (footnotes omitted). This Court additionally stated that "'*there should not be a per se rule prohibiting collateral attack on a plea in all circumstances simply because the transcript on its fact* (sic) *reflects recitation of voluntariness and awareness of the consequence*.'" *Id.* at 285 (emphasis in original) (quoting **Baker v. State**, 358 So. 2d 401, 403 (Miss. 1978)).

In reversing the lower court, the Court held that Sanders was only entitled to an opportunity through an evidentiary hearing to prove his claims and that if such burden of proof was met, he was entitled to relief. *Id.* at 288. The Court additionally noted that the only relief Sanders "could possibly receive on remand is vacation of his conviction and reinstatement of his not guilty pleas" which would allow the State to put Sanders to trial on the original indictments and seek the maximum sentences. *Id.*

This Court has also held to the contrary. Where an accused claims his guilty plea was involuntary but does not contend that he lied to the court about the absence of threats or promises, the trial court's summary denial of the accused's claims should be affirmed when the guilty plea transcript reveals that the accused freely and voluntarily entered his guilty plea. *See, e.g.*, **Harveston v. State**, 597 So. 2d 641, 643 (Miss. 1992); **Houston v. State**, 461 So. 2d 720, 724 (Miss. 1984). In **Harveston v. State**, the accused alleged that his guilty plea was induced by misrepresentations of his attorney but failed to contend that he lied to the court as a result of his attorney's misrepresentations. **Harveston**, 597 So. 2d at 642-43. In the absence of affidavits to the contrary, the Court, affirming the trial court's action of summarily denying the accused's claims, relied on the plea transcript's manifestation that "Harveston acknowledged to the court that no one had threatened, abused or mistreated him in any way, or promised him anything to cause him to wish to plead guilty." *Id.* at 643. This line of reasoning, however, should not be interpreted to mean that every time an accused alleges that he lied at the guilty plea hearing he should be entitled to an evidentiary hearing, but rather, where the accused claims that he lied to the court and has affidavits from other persons supporting his claims, the accused may be entitled to an evidentiary hearing if a truthful claim would merit relief.

In the case sub judice, Rochell alleges that his counsel coerced him into pleading guilty by stating that he would get the death penalty if he went to trial and did not accept the plea bargain being offered. Rochell further contends that he lied to the court when he pled guilty and when he stated that nobody had done anything to threaten or coerce him to plead guilty. In support of his contentions, Rochell provides the affidavits of Broughman and McMahan which state that they were present when Rochell informed his counsel that he would be lying if he said he did the crimes and that his counsel responded "they don't care this time". It is also evident that the claims raised by Rochell, if true, would render his guilty plea involuntary and, thus, void. *See* URCCC 8.04(A)(3) ("A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements.").

Therefore, we find that where an accused in a petition for post-conviction relief has affidavits from other persons supporting his claim that his counsel coerced or threatened him into pleading guilty and the accused claims that he lied to the trial court when he stated that no one had done anything to threaten or coerce him into pleading guilty, the accused may be entitled to an evidentiary hearing allowing him the opportunity to prove the claims raised by him if truthful claims would merit relief.

However, we do not overlook this Court's long line of precedent, first stated in *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991), regarding the requirement of an evidentiary hearing:

> This is not to say that an evidentiary hearing is to be ordered every time there are contradictory affidavits. In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.

*Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991). *See, e.g.*, *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996); *King v. State*, 679 So. 2d 208, 211 (Miss. 1996); *Mowdy v. State*, 638 So. 2d 738, 743 (Miss. 1994); *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994). On the contrary, while Rochell's affidavit alone could be considered nothing more than a sham, Rochell's affidavit coupled with the affidavits of Broughman and McMahan would merit at least an evidentiary hearing especially where there are no contradictory affidavits from the attorneys who represented Rochell. In *Harris v. State*, 624 So. 2d 100 (Miss. 1993), this Court was faced with a similar fact scenario where the accused filed a motion for an out-of-time appeal and provided his own affidavit and the affidavit of another person in support thereof, but the record did not contain an affidavit by the attorney representing Harris at trial. *Harris*, 624 So. 2d at 101-02. Therefore, the Court, without contradictory affidavits before it, was faced with no other alternative but to reverse and remand the cause for an evidentiary hearing. *Id.* at 102. Likewise, the record in the instant case contains no contradictory affidavits but instead contains only the affidavits of Rochell, Broughman, and McMahan.

In addition, under the circumstances in this case, Rochell may very well be subject to perjury, for this Court has held that "whether or not perjury has been committed by a defendant filing conflicting affidavits versus sworn testimony at a subsequent proceeding might warrant appropriate action by a grand jury." *Holt v. State*, 650 So. 2d 1267, 1272 (Miss. 1994). *See, e.g.*, *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994); *Sanders v. State*, 440 So. 2d 278, 289 (Miss. 1983) (Lee, Roy Noble, J., specially concurring).

As a result, we reverse and remand the cause for an evidentiary hearing.

### II. WHETHER STATEMENTS MADE BY ROCHELL SHOULD BE SUPPRESSED BECAUSE THEY WERE TAKEN IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

Rochell contends that statements given by him to the police were involuntary and should be suppressed because they were taken in violation of his constitutional right against self-incrimination. The State contends that this claim was effectively waived by the entering of a valid guilty plea given voluntarily, intelligently, and knowingly.

This Court has held that "'[a] guilty plea operates to **waive** the defendant's **privilege against self-incrimination**, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove every element of the offense beyond a reasonable doubt.'" *Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996) (emphasis added) (quoting *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)).

However, we find that this issue is moot. The statements alleged by Rochell to be involuntary and a violation of his constitutional right against self-incrimination were given to the police on May 3, 1992. On June 23, 1993, Rochell filed with the trial court a motion to suppress the statements given to the police. Before the trial court had made a ruling on the motion, Rochell, on January 11, 1994, entered a guilty plea to the crimes of murder and arson which was accepted by the trial court. Therefore, the statements alleged by Rochell were never used against him at trial, and as such, it can not be said that Rochell was prejudiced by the statements. As a result, we find that this issue is moot.

### III. ROCHELL'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE III, SECTION 26 OF THE MISSISSIPPI CONSTITUTION OF 1890 WAS VIOLATED DUE TO A 619 DAY DELAY BETWEEN HIS ARREST AND PLEA BARGAIN.

Rochell contends that his right to a speedy trial, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article III, Section 26 of the Mississippi Constitution of 1890, was violated because there was a delay of six hundred and nineteen (619) days from the time he was arrested and the time he pled guilty. Rochell claims that the delay in bringing him to trial was presumptively prejudicial to him. However, the State contends that Rochell's entry of a guilty plea waived his constitutional right to a speedy trial.

This Court has held that "Mississippi caselaw requires a trial with a result before this Court will review a claim of speedy trial violation. . . . All published Mississippi cases on speedy trial flow from a trial, a conviction and an appeal on the merits." *Beckwith v. State*, 615 So. 2d 1134, 1144-45 (Miss. 1992). Furthermore, this Court has included in the class of rights that are waived by the entry of a valid guilty plea the right to a speedy trial. *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991). Therefore, this claim is not properly before this Court for review, and otherwise, if Rochell's guilty plea is found to have been voluntarily given on remand, Rochell's right to a speedy trial was waived by his guilty plea. Even if the trial court determines that Rochell's guilty plea was not voluntarily given, then Rochell's speedy trial claim would still be without merit until a trial was held, a final conviction was entered, and an appeal on the merits were before this Court. *Beckwith*, 615 So. 2d at 1144-45. As a result, this issue is without merit.

### IV. WHETHER THE TRIAL COURT VIOLATED THE PROHIBITIONS OF THE DOUBLE JEOPARDY CLAUSE OF BOTH THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS BY CONVICTING ROCHELL OF MURDER AND ARSON.

Rochell asserts that he pled guilty to both felony murder and the underlying felony of arson and received separate sentences for both, effectively convicting and sentencing him twice for the crime of arson. Rochell contends that the trial court's conviction for both felony murder and arson constituted double jeopardy in violation of the Fifth Amendment of the United States Constitution and the Mississippi Constitution.

In support of his claims, Rochell cites to the case of *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995), as being substantially similar to the instant case. In *Fuselier*, a defendant was indicted for capital murder committed "while engaged in the commission of the crime of burglary, in violation of Miss.

Code Ann. § 97-3-19(2)(e)." *Fuselier*, 654 So. 2d at 521. After having his original conviction and sentence of death for murder while engaged in the commission of a felony reversed by this Court, Fuselier, on remand, entered a plea bargain whereby Fuselier would "plead guilty to both capital murder and burglary and in exchange receive[] a nonrecidivist life sentence for the capital murder and a consecutive twenty-five year sentence for the burglary." *Id.* at 520.

On collateral review, this Court reversed the trial court's dismissal of Fuselier's petition for post-conviction relief finding that the trial court committed error by convicting Fuselier of both felony murder and the underlying felony of burglary. *Id.* at 522. The Court stated that a defendant's "'initial conviction and sentence for both felony murder and the underlying felony violated the third aspect of the Double Jeopardy Clause, the protection against 'multiple punishments for the same offense' imposed in a single proceeding.'" *Id.*(quoting *Jones v. Thomas*, 491 U.S. 376, 381 (1989)). The Court held that by allowing Fuselier to plead guilty to felony murder and the underlying felony of burglary that the trial court was "effectively convicting and sentencing him twice for the same burglary" and to do so was in violation of this Court's holding in *Meeks v. State*, 604 So. 2d 748 (Miss. 1992), where the Court held that convicting a defendant of both felony murder and the underlying felony of kidnapping put the defendant "twice in jeopardy for the same kidnapping." *Id.*

In the case sub judice, Rochell contends that, based on *Fuselier*, the trial court committed error by convicting him of capital murder and arson. However, Rochell was not convicted of capital murder, with arson as the underlying felony, and arson but rather was convicted and sentenced on a plea of guilty to the offenses of simple murder and arson, two separate and distinct crimes. Thus, Rochell was not convicted and sentenced twice for the crime of arson. As a result, we find that this contention is without merit.

### V. WHETHER ROCHELL'S INDICTMENT WAS DEFECTIVE AND IN VIOLATION OF SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890 BECAUSE IT DID NOT CONCLUDE WITH THE PHRASE "AGAINST THE PEACE AND DIGNITY OF THE STATE."

Rochell argues that his indictment was defective and void because the Grand Jury Foreman's signature, the assistant district attorney's signature, a witness' signature, and the circuit clerk's signature all came after the phrase "against the peace and dignity of the state." Thus, Rochell contends that his indictment violates section 169 of the Mississippi Constitution of 1890 and Rule 7.06 of the Uniform Rules of Circuit and County Court Practice because it concludes with the above listed signatures and not the mandatory phrase. In support of his contentions, Rochell cites *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995).

In *McNeal v. State*, this Court held that an indictment was defective where the portion of the indictment charging McNeal as a habitual offender followed the phrase "against the peace and dignity of the state." *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995). The Court held that section 169 of the Mississippi Constitution of 1890 required that a criminal indictment must "*conclude* 'against the peace and dignity of the state.'" *McNeal*, 658 So. 2d at 1350 (emphasis in original). The *McNeal* Court further held that since section 169 was not complied with the "portion of the indictment charging McNeal as an habitual offender was fatally defective." *Id.* However, the Court held that the charging portion of the indictment was not defective and the conviction was valid. *Id.*

Nevertheless, this claim was waived when Rochell failed to raise this issue at trial. *See* Miss. Code Ann. § 99-7-21 (1994) (indicating objections to facially defective indictment must be by demur before venire facias in capital cases). Additionally, Rochell waived this alleged defect in the indictment by pleading guilty. *See **Jefferson v. State***, 556 So. 2d 1016, 1019 (Miss. 1989) (holding that guilty plea waives all defects in an indictment with the exception of (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense and (2) subject matter jurisdiction). However, Rochell contends that this procedural bar is inapplicable because none of the cases in which this Court has held an indictment defective was the effect of Miss. Code Ann. § 99-7-21 or the manner and timing of the presentation of the issue discussed. Since the mandatory phrase language is mandated by the constitution, Rochell alleges that this claim affects a fundamental right and, thus, operates as an exception. However, this same argument was expounded in ***Brandau v. State***, wherein this Court held that "failure to properly draft the wording of the indictment" did not affect a "fundamental right." ***Brandau v. State***, 662 So. 2d 1051, 1054 (Miss. 1995). "The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a 'fundamental right.'" ***Id***. Therefore, Rochell's claim is procedurally waived.

However, regardless of this procedural waiver, there is no merit to the argument that the mandatory phrase must follow the Grand Jury Foreman's signature and the other signatures at the end of the indictment. In his argument, Rochell focuses on the definition of "conclude" being "to bring to an end." But he ignores the definition of "indictment" and its usage within the legal community. Indictment is defined by various authorities as follows:

> "[A] formal **written statement** framed by a prosecuting authority and found by a jury (as a grand jury) **charging** a person with an offense. Webster's Collegiate Dictionary 592 (10th ed. 1994) (emphasis added).

> "An **accusation**[1] in writing found and presented by a grand jury, . . . ." Black's Law Dictionary 772 (6th ed. 1990) (emphasis added).

These definitions reveal that "indictment" refers to the **charging language** contained in the form and not the actual form itself. It is true that within the legal community, the term "indictment" is used to refer to the charging language as well as the form in which the indictment is contained. However, in applying the constitutional mandate in a logical manner, the term indictment as used in section 169 of the Mississippi Constitution refers to the "charging language" as opposed to the "form" of the indictment. Accordingly, the constitutional provision is satisfied when the charging language contained within the indictment form concludes with the mandatory phrase.

Rochell also utilizes the court rules in support of his argument. Rule 7.06 specifies seven (7) elements that must be included in the indictment form. URCCC 7.06. Rochell contends that this rule mandates that the Grand Jury Foreman's signature (the 6th element listed) must precede the words "against the peace and dignity of the state" (the 7th element listed). However, the rule does not specify that the elements must appear in the order listed, therefore, there is no merit to this argument.

In summary, Rochell's argument that his indictment was defective because it concluded with the Grand Jury Foreman's signature, the assistant district attorney's signature, a witness's signature, and the circuit clerk's signature is procedurally waived and without merit.

## VI. WHETHER ROCHELL'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED.

Rochell contends that his counsel's assistance was ineffective for his failure to pursue Rochell's constitutional right to a speedy trial, his constitutional right to not be subject to double jeopardy, and not objecting to the defects found in his indictment as discussed in Claims III, IV, and V. Rochell further asserts that he was prejudiced by his counsel's failure to inform him of his constitutional rights. However, given the fact that there is no merit to either claim, there is no basis for Rochell's contentions of ineffective assistance of counsel.

## CONCLUSION

We reverse and remand the trial court's summary denial as to Rochell's Claim I but affirm the trial court's summary denial to Claims II through VI as each claim lacks merit. This case is remanded to the trial court in order to conduct an evidentiary hearing with regard to whether Rochell's guilty plea was voluntarily, intelligently, and knowingly given. The allegations raised by Rochell, if proved to be true, would render his guilty plea involuntary and merit relief, and since Rochell has provided the supporting affidavits of two witnesses in accordance with Miss. Code Ann. § 99-39-9(1)(e) (1994), he has met the basic pleading requirements and is, in the interest of justice, entitled to an evidentiary hearing to be given the opportunity to prove his claim. *See, e.g.*, **Robertson v. State**, 669 So. 2d 11, 13 (Miss. 1996); **Harveston v. State**, 597 So. 2d 641, 643 (Miss. 1992); **Harris v. State**, 578 So. 2d 617, 619 (Miss. 1991); **Billiot v. State**, 515 So. 2d 1234, 1237 (Miss. 1987). However, the only relief that Rochell is entitled to is to have his guilty plea vacated and his original not guilty pleas reinstated, and the State to put Rochell on trial under the original indictments. **Sanders v. State**, 440 So. 2d 278, 288 (Miss. 1983).

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE AND WALLER, JJ., NOT PARTICIPATING.**

1. An accusation is "a formal **charge** against a person, . . . ." Black's Law Dictionary 22 (6th ed. 1990) (emphasis added).