861 So.2d 1049 (2003)
Charles Glen PICKETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-01407-COA.
Court of Appeals of Mississippi.
July 15, 2003.
Rehearing Denied September 23, 2003.
Joseph A. Fernald, Brookhaven, for appellant.
Office of the Attorney General by Jean Smith Vaughan, for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. Charles Glen Pickett has appealed from an order of the Franklin County Circuit Court denying his motion for postconviction relief. Pickett sought to have has guilty plea entered to one count of murder set aside on the basis that he received ineffective assistance of counsel. We affirm.

I.

Background
¶ 2. Pickett pled guilty in April 1999 to murder in the shooting death of David Keith Chisholm. He was sentenced to life *1050 imprisonment and two other charges of robbery and a drug-related crime were dismissed. On November 12, 1999, Pickett moved to set aside his plea of guilty, claiming he received ineffective assistance of counsel, that he did not knowingly and willingly enter a plea of guilty, and that there was a lack of factual basis to support his guilty plea. Though not styled as a post-conviction relief motion, the trial court determined that such a proceeding was the only manner by which Pickett could raise those issues and the court proceeded to resolve the assertions of the pleading on that basis.
¶ 3. The court, in furtherance of its duty to examine the motion and related supporting information as required by Section 99-39-11(1) of the Mississippi Code, permitted Pickett to present witnesses at a preliminary inquiry. The court concluded that a summary dismissal of the motion was not warranted and, therefore, ordered the State to file an answer to the motion under Section 99-39-11(3). The State filed an answer that included the supporting affidavits of the Franklin County Sheriff and Leonard Rosenthal, Pickett's defense attorney during his plea hearing and sentencing.
¶ 4. The court reviewed all evidence before it and concluded that a hearing was not necessary. The court concluded that "[Pickett] did kill and murder the victim, gave numerous false and conflicting accidental versions of the killing and finally confessed to the murder and voluntarily and intelligently entered a plea of guilty, with the assistance of counsel." The court went on to find no merit in the various complaints raised by Pickett to the circumstances surrounding his guilty plea.
¶ 5. Pickett has now appealed from that order, alleging: (1) that he received ineffective assistance of counsel; (2) that his plea of guilty was involuntarily given, and (3) there was a lack of factual basis to support his plea of guilty.

II.

Facts
¶ 6. On March 12, 1999, Thomas Chisholm, brother of the victim, reported to the Franklin County Sheriff that his brother had been missing for several days. The ensuing investigation revealed that Pickett had telephoned the victim shortly before he disappeared. As a result, Pickett was sought for questioning and was located on March 19. Pickett told Sheriff Newman that he had received threats against his person and that, as a result, he was in despair to the point he was considering suicide. Investigating officers discovered a suicide note in Pickett's truck. Pickett consented to going with the officers to the county jail to be further interviewed. Before he was questioned, he was informed of his Miranda rights. He signed a waiver of those rights and answered questions that centered primarily on the alleged threats on his life. The next day, Pickett signed a written statement indicating that he agreed to remain in protective custody at the Franklin County Jail "[d]ue to the investigation of the disappearance of Keith Chisholm and threat on my life."
¶ 7. Over the next few days, investigating officers questioned Pickett concerning his knowledge of Keith Chisholm's disappearance. Pickett's statements concerning the disappearance grew increasingly contradictory until, on March 23, Pickett submitted a written statement along with a signed waiver of his Miranda rights in which he claimed that he had accidentally shot Chisholm in the back of his head while aiming at a deer. Pickett said in his statement that, at that point, he "got scared and hid the body."
*1051 ¶ 8. Pickett led officers to the body where it was hidden in a wooded area. The body had been burned. Chisholm's wallet was not found on his person and Pickett claimed that he had taken it and a pistol possessed by Chisholm and thrown them into a creek; however, a thorough search did not lead to a discovery of these items.
¶ 9. Pickett later changed his story to say that he had accidentally shot Chisholm when he had pointed the gun at Chisholm and pulled the trigger, thinking that the gun was not cocked and ready to fire.
¶ 10. Based on the evidence gathered and Pickett's statements, law enforcement officers obtained a warrant for Pickett's arrest. On March 30, Pickett was appointed an attorney. On April 6, Pickett was indicted for murder, armed robbery and conspiracy to transfer a controlled substance. Pickett entered his guilty plea to murder that same day.

III.

Ineffective Assistance of Counsel
¶ 11. Pickett contends that he received ineffective assistance of counsel. He relies on three alleged deficiencies to support this claim. First, Pickett argues that his counsel failed to expend adequate time in investigating the strength of the State's case before allowing Pickett to enter a guilty plea. He points to the fact that his attorney's bill claimed a total of only thirteen and one-half hours of work. Secondly, Pickett states that his attorney failed to interview potential witnesses, failed to investigate the crime scene, failed to review the victim's autopsy report and failed to demand psychological testing for Pickett. Finally, Pickett argues that his counsel failed to discuss any defense strategies or to explore other options available to Pickett to resolve the charges.
¶ 12. All of these claims raise essentially the same issue, which is that counsel was ineffective in aiding Pickett in his defense by not insisting that Pickett delay the entry of his guilty plea until after the strength of the State's case could be tested in various ways.
¶ 13. The standard by which this Court reviews a claim for ineffective assistance of counsel was set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard requires that the defendant show that his counsel's performance was deficient and that the deficient performance prejudiced him to the point that he was denied a fair trial. Id. at 687, 104 S.Ct. 2052. The defendant must overcome the strong but rebuttable presumption that counsel's conduct fell within the "broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 14. A claim based on nothing more than an assertion that the attorney spent insufficient time on the case is insufficient to show an entitlement to relief. Harveston v. State, 597 So.2d 641, 642 (Miss. 1992). The defendant must also prove that, but for this alleged deficiency, he would not have entered a plea of guilty. Id. Pickett makes a number of broad complaints concerning counsel's failure to visit the crime scene or interview witnesses, but he makes no contention as to what such efforts could reasonably have been expected to produce in terms of evidence or information helpful to Pickett's defense. He suggests that there was some duty on defense counsel's part to seek to suppress Pickett's confession, but points out no basis for the proposition that such an effort had a reasonable expectation of success. Pickett faults his attorney for not seeking psychological testing, but does not inform *1052 the Court as to what benefit might have been gained other than asserting that his attorney had a duty to ensure that he was emotionally stable at the time. He also points to counsel's failure to obtain a copy of the autopsy report but fails to articulate how he was prejudiced by that failure.
¶ 15. During Pickett's plea hearing, the judge went to some length to ensure that Pickett was making an informed and intelligent decision to enter his plea of guilty. In the order denying Pickett's post-conviction relief motion, the trial court concluded that the relatively short time between the commission of the crime and Pickett's guilty plea arose, not out of defense counsel's failure to properly perform his duties, but upon Pickett's own sense of remorse and desire to spare his family any further difficulty by admitting his complicity in the victim's death and thereby bring the matter to an end. In that situation, we do not find defense counsel's failure to insist on further delay to be the sort of deficient performance that would warrant relief.
¶ 16. Pickett also alleges that he received ineffective assistance of counsel because his counsel failed to discuss any defense strategies or explore other options to resolve the criminal charges favorably to the defendant. Specifically, Pickett contends that his counsel devoted his entire time to discussing possible plea bargains rather than potential defense strategies. One such strategy appears to be Pickett's suggestion that he might have gone to trial in hopes that he could be convicted of the lesser offense of manslaughter. Again, as to this assertion and any others advanced in his brief, Pickett fails to show the basis for the conclusion that any such alternate courses of action had a reasonable chance of producing a result more favorable to him. In the absence of such a showing, we find that Pickett's assertions in this regard fail the second prong of the Strickland test. Therefore, we find this issue to be without merit.
¶ 17. In his last issue, Pickett contends that there was an insufficient factual basis to support his plea of guilty. The record indicates that, prior to the proceedings to accept his guilty plea, Pickett had made a statement to law enforcement officers of his involvement in Chisholm's death under circumstances that would support a charge of murder. Pickett makes no contention in his post-conviction relief motion that those admissions were untrue or for any other reason would not be admissible in any subsequent proceeding to determine his complicity in the death. The trial court specifically found that there was a factual basis for Pickett's plea and, under these circumstances, we hold that finding is supported by the record. Based on evidence in the record, we determine that there was sufficient foundation for the circuit court to conclude that Pickett's conduct was within "the ambit of that defined as criminal." See Lott v. State, 597 So.2d 627, 628 (Miss. 1992). Therefore, we find this issue to be without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.