405 So.2d 101 (1981)
Phillip W. BOUGON
v.
STATE of Mississippi.
No. 52772.
Supreme Court of Mississippi.
October 14, 1981.
*102 Richard E. Stratton, III, Brookhaven, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
In the Circuit Court of Lincoln County, Phillip W. Bougon, a sixteen year old male, pleaded guilty to armed robbery and was convicted and sentenced to serve a term of fourteen years in the Mississippi Department of Corrections. Bougon sought transfer of jurisdiction to the Youth Court of Lincoln County; but after a full hearing, the trial court denied the motion to transfer. Also, Bougon's request to change his plea to not guilty was overruled.
From this conviction and sentence, Bougon appeals, assigning as errors that the lower court erred in failing to transfer the case to the Youth Court which constituted an abuse of discretion, in continuing to assert jurisdiction over Bougon, and in refusing to permit a change of plea from guilty to not guilty.
On June 4, 1980, Phillip W. Bougon, accompanied by a married woman, with whom he had spent several nights, and another teenage boy, robbed at gunpoint the Cracker Barrel Grocery Store of $714.43, placing Mildred and Billy Smith in fear of immediate injury. At the time of the robbery, Bougon had taken his stepfather's car without his permission.
At the transfer hearing, Bougon testified he was born on August 7, 1964, and had completed the tenth grade at Magee High School. He had no prior felony or misdemeanor convictions, nor had he ever been arrested or charged with any crimes. Bougon, at the time of trial, was five feet seven inches tall and weighed 137 pounds. Prior to the robbery, he was residing with his mother and uncle, James A. Hinton.
Rev. J.L. Layton, Baptist minister at Athens for seven years, was Bougon's minister and baptized him. In fact, Bougon acted as a youth pastor, teaching one of the Sunday School classes. He, along with other youths of the church, would visit Rev. Layton's house about once every two weeks. In the minister's opinion, he thought it would be in the best interest of Bougon to be tried in the Youth Court because, with the exception of an incident with a few cans of beer, he knew of no other bad habits or characteristics attributable to Bougon.
Doyle Ethridge, a vocational technical teacher who taught Bougon small engine mechanics, described Bougon as a very normal bright student with a good sense of humor, very respectful and enjoyable to be around. He never heard Bougon curse or display any bad habits. In his opinion, Bougon should be transferred to the Youth Court.
Gene McGahey, a planner at the State Department of Corrections with a BS degree in social science and a master's degree in guidance, placed the total number of inmates at 2,343. He testified the minors and their locations were as follows:

 State Satellite County
 Number Age Penitentiary Facility Jail 
 20 17 14 0 6
 5 16 3 1 1
 1 15 1
 1 14 1

There is an adult basic educational program at Parchman and a vocational technical school but no high school educational facilities. McGahey also stated that Parchman lacked adequate facilities to house or to provide any beneficial, rehabilitative experiences for adolescents and would be adverse to a sixteen year old's best interests. At the time of the hearing, there were four 16 year olds and three 17 year olds in high school equivalency programs at Parchman.
In McGahey's professional opinion, youth offenders up to 18 years lack the emotional stability to cope with the adult population in Parchman; moreover, they are more susceptible *103 to influences by hardened criminals with whom they are in direct contact in the training or specialized programs. Mental health treatment and counseling are not generally available; however, those needing psychiatric assistance are transported daily to the University Medical Center in Jackson. Although there is a first offenders camp to age 20, there is no special housing for sixteen year olds. In addition, there have been twenty reported sex crimes committed at Parchman in the last 24 months, from September 1978 to September 1980, with probably more sex crimes unreported because of social stigma or fear of repercussions.
Dr. Beth Wildman, who has a Ph.D in clinical psychology, interviewed Bougon and his brother and described Bougon as follows:
I see Phillip as a fairly average 16 year old adolescent with many of the impulsibilities of children that age. He seemed to be a youth who was becoming actively involved in good things at school, after school jobs, after school activities. He enjoys hunting and fishing; lots of other things that other youth his age do. He seems basically, on what I found out from his brother, not to have been as well supervised possibly as he could have been and also quite angry and a little rebellious at some things, responsibility placed upon him by his mother.
In her opinion, both Bougon and the State's best interests would be served by transferring jurisdiction to the Youth Court, because Bougon is in the stage between adolescence and adulthood thus making him strongly susceptible to the influences of others. She testified Bougon was strongly influenced by the teenage boy with him the day of the robbery as well as the married woman whom he felt tremendous pressure to support.
She found no severe emotional instability in Bougon for his age. She was involved with the May[*] case and contrasted Bougon and May as being completely different in their emotional stability or competence, although she did not elaborate on the differences. If Bougon's case were transferred to Youth Court, she would recommend he be ordered to continue in the school program with an after-school job and placement in a stable environment such as with his older brother and sister-in-law.
Bougon also petitioned in the alternative to be sentenced by the circuit court under MCA § 43-21-159(3) which provides that in lieu of other statutory punishment, the trial judge may commit the child to a state institution for delinquents, or to a county jail for a term not in excess of one year, or to suspend the sentence and release the child on probation. Also Bougon sought to change his plea of guilty to a plea of not guilty.
The circuit judge in ruling on these matters, stated Bougon had entered the guilty plea without any reservation whatsoever and it would stand. Concerning the petition to sentence Bougon under § 43-21-159(3), the trial judge ruled that because of the seriousness of the offense of armed robbery, it would not be in the best interest of public welfare to limit its sentence because an institution for delinquents could, and probably would, based on past experiences, promptly release defendant within a few months. Further, it was ruled if the Department of Corrections has the authority to transfer Bougon to an institution for delinquents during his minority, then this would be within the prerogative of the Department of Corrections.
Appellant assigns error in the trial court's refusal to transfer jurisdiction to the Youth Court. In our opinion this is not meritorious because the circuit court had exclusive jurisdiction to hear the case as provided by MCA § 43-23-29 (1972) which states:
§ 43-23-29. Transfer of felony cases to other courts; jurisdiction of certain cases given to circuit court.
If a child thirteen years of age or older is charged with an offense which would *104 be a felony if committed by an adult, the court, after full investigation, may, in its discretion, retain jurisdiction and proceed with the case as a delinquency case, or certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such an offense if committed by an adult, and may fix the amount of bail, except that the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death. (Emphasis added).
Also Bougon was charged with the crime of armed robbery under MCA § 97-3-79 (1972), which provides for life imprisonment or a term of not less than three years. Since it is a crime punishable by life imprisonment exclusive jurisdiction was within the circuit court and it was not within the discretion of that court to determine whether the case should be transferred to the Youth Court or not. Upon motion to transfer made by Bougon, the trial court conducted a full hearing and determined it would not be in the best interests of the child or of justice to be transferred to the Youth Court. The court did not err in this regard in our opinion.
In Carter v. State, 334 So.2d 376 (1976), a fifteen year old defendant was convicted of armed robbery as an adult without certification from the Youth Court. The defendant was charged with the crime of armed robbery under § 97-3-79. In affirming the conviction, we interpreted § 43-21-31 (expressly repealed from and after July, 1979) to mean the circuit court has exclusive jurisdiction of offenses punishable by life imprisonment or by death. We explained § 43-21-31 as follows:
We recognize the general rule of construction that statutory exceptions are to be strictly or narrowly construed in favor of the accused. Given a strict construction, the statute which confers exclusive jurisdiction upon circuit court, § 43-21-31 is of no avail to appellant here because the statute is clearly applicable to offenses punishable by "life imprisonment or death." The statute does not say and cannot logically be construed to mean that the punishment must be "by both life imprisonment and death" (emphasis added), as argued in appellant's brief. It is to be noted that language of the statute does not limit its application to a "capital offense" as used in Section Twenty-nine of the Mississippi Constitution of 1890. Indeed the statute now under consideration does not at any place contain any phrase such as "capital case" or "capital offense." By clear and unambiguous language, § 43-21-31 simply confers upon circuit courts exclusive jurisdiction if the crime charged is "punishable by life imprisonment," or "death." 334 So.2d at 377.
We think this interpretation of § 43-21-31, now repealed, would also apply to the present § 43-23-29.
We find the second assignment of error that the trial court erred in continuing to assert jurisdiction over Bougon after the adjudicatory hearing and to sentence him to be redundant of the first assignment of error and thus will not be separately addressed.
We are of the further opinion the trial court did not abuse its discretion in refusing to permit Bougon to change his plea from guilty to not guilty after the court retained jurisdiction to hear the case. However, from the record, we think the trial court was probably under the misapprehension that MCA §§ 97-3-79 (Supp. 1981) and 47-7-3(d) (Supp. 1981), read together, mandated a sentence of at least ten years in the state penitentiary, absent a jury verdict of life imprisonment. Those statutes provide:
§ 97-3-79. Robbery  use of deadly weapon.
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, *105 upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
§ 47-7-3. Parole of prisoners  conditions.
Every prisoner who has been or may hereafter be convicted of any offense against the State of Mississippi and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-third (1/3) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
.....
(d) No person shall be eligible for parole who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole.
In the case of child offenders, the trial court may sentence to a satellite facility in lieu of the statutory punishment. This amended statute MCA § 43-21-159(3) provides:
In any case wherein the defendant is a child as defined in this chapter and of which the circuit court has original jurisdiction, the circuit judge, upon a finding that it would be in the best interest of such child and in the interest of justice, may at any stage of the proceedings prior to the attachment of jeopardy transfer such proceedings to the youth court for further proceedings unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted, and the youth court shall, upon acquiring jurisdiction, proceed as provided in this chapter for the adjudication and disposition of delinquent child proceedings; and if any child shall be convicted by any circuit court, the trial judge, if he deems it for the best interest of such child and the public welfare, may, in his discretion, and in lieu of other statutory punishment, commit such child to any state institution now or hereafter established for delinquents, or may commit such child to the county jail for any term not in excess of one (1) year, or he may suspend sentence and release on probation, under such terms and conditions as he may prescribe, and said court shall have the power to change the custody of such child or to terminate its jurisdiction over said child in the same manner as is provided in this chapter for the youth court. (Emphasis added).
We are of the opinion a clarification of the sentencing is needed because we are unable to discern if the trial court considered the statutory alternative for sentencing minor offenders under the provisions of Section 43-21-159(3). See, May, supra. The record reflects the trial court denied a transfer of the cause to the Youth Court because the court did not think it would be "in the best interest of justice," rather than denying it because of exclusive jurisdiction of this crime being in the circuit court. In sentencing Bougon to fourteen years in the penitentiary, ten of which are required to be served without parole or suspension, the court expressed the hope that the Department of Corrections would place the youth in a situation where he could obtain schooling and training and that *106 this training would continue at least through the high school level. However, the uncontradicted evidence reflects the facilities for such training are virtually non-existent at the Department of Corrections and that department had no authority to transfer the youth to such facilities because such authority was vested in the trial judge by MCA § 43-21-159(3), supra. We, therefore, are of the opinion the cause should be affirmed and remanded for clarification of the sentencing.
AFFIRMED AND REMANDED FOR CLARIFICATION OF SENTENCING.
SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.
SMITH and ROBERTSON, P.JJ., and BROOM, J., dissent.
BROOM, Justice, dissenting:
Quite correctly the majority opinion affirms the conviction appealed from, but, as I view it, remand "for clarification of the sentencing" is inappropriate.
May v. State, 398 So.2d 1331 (Miss. 1981) does not require or justify remand of the present case. May focused upon Mississippi Code Annotated § 43-21-159(3) (Supp. 1980) which provides that a child may be committed by the trial judge to a state institution for delinquents, or to a jail for not over one year, or released on probation. We reversed the lower court in May, and stated:
We think the Legislature, in providing alternative methods of sentencing of minors, intended in cases involving special circumstances surrounding a minor defendant, that the trial judge consider seriously those alternatives enumerated in the statute and that the presence or absence of facilities for care of a minor offender be considered in mitigation of the punishment provided by statute. In our opinion, in addition to his consideration of the expert testimony, which became a part of the record on the sentencing phase, the trial judge should have placed in the record the sources and facts of his study and should have permitted appellant's counsel to introduce evidence of the presence or absence of facilities at Mississippi State Penitentiary for care of the appellant, and the availability of other institutions or facilities which could be utilized by appellant. Therefore, we remand the cause to the lower court for hearing further evidence of extenuation or mitigation and for sentencing not inconsistent with this opinion.
In the present case, it appears clear to me that the trial judge seriously considered "alternatives enumerated in the statute" and remand should not be ordered. In overruling Bougon's motion to withdraw his plea of guilty and enter a not guilty plea, the court stated:
Insofar as the Petition filed under the second provision of Section 43-21-159(3), the Court, because of the nature of the offense and the facts as indicated, does not believe it would be in the best interest of the public welfare that the Court be limited in its sentence to the committing of the child to an institution for delinquents because the authorities of that institution could, and in all probability as past experience shows, would promptly release the defendant within a very few months, and the Court does not feel that because of the nature of the offense, that the Court should be limited to committing the defendant to the county jail for a term not in excess of one year, and because of the nature of the offense, the Court does not feel it should suspend the sentence and release the defendant upon probation, and so, therefore, the Petition is overruled or denied, and the defendant will be sentenced to the custody of the Department of Corrections of the State of Mississippi, and if the Department of Corrections of the State of Mississippi sees fit as to jurisdiction to transfer this child to any institution within the state established for delinquents during the time of the minority of this defendant, that will be within the prerogative of the Department of Corrections. That is to say, if the Department of Corrections has the authority and will transfer the custody of the child, or defendant, *107 to the training school establishment or any other state institution within its jurisdiction, that will be up to the Department of Corrections.
In spite of the above language which the trial court used in making its ruling, the majority opinion states "a clarification of the sentencing is needed because we are unable to discern if the trial court considered the statutory alternative for sentencing minor offenders under the provisions of Section 43-21-159(3)". It is clear that the trial court in making its ruling did in fact consider the "statutory alternative for sentencing minor offenders" under § 43-21-159(3); indeed the sentencing judge (quoted above) shows that he considered "committing the child to an institution for delinquents" but did not do so "in the best interest of the public welfare... ." The majority opinion correctly notes that according to the evidence the "facilities for such training are virtually non-existent at the Department of Corrections... . While we may (as did the trial judge below) lament the lack of such facilities, the matter of making such facilities available is a legislative problem which remand for "clarification of the sentencing" cannot solve.
I share with the majority this court's concern with the nationwide problem of what to do with young citizens who violate criminal laws. It must be noted that in the present case, after considering the various statutory alternatives open to him, the trial judge meted out a sentence well within perimeters allowed by applicable statutes. What magical words must trial judges utter when sentencing in a case such as the present case where the trial judge specifically referred to § 43-21-159(3)? In the past, we have been reluctant to intrude into or in any sense usurp the functions of the sentencing judges. Here we are remanding a cause tried by an experienced and capable circuit judge who previously had years of experience as a district attorney. Not only should we presume that trial judges have knowledge of the law, but in the present case the record of language used by the trial judge demonstrates beyond any doubt that he not only knew the applicable law  he meticulously applied it. Yet the concluding part of the majority opinion orders remand "for clarification of the sentencing." If remand is to be ordered, I would urge that we set forth language specifically laying down guide lines as to how trial judges are to comply with sentencing requirements.
Scrutiny of the present record reveals that the trial judge heard testimony in great detail concerning defendant Bougon's age, gender, personality, scholastic record, church life, and many other factors. Then he judiciously meted out a penalty much less than the maximum allowable for a very serious crime: armed robbery. It matters not that we (appellate judges) might have ordered some other sentence, either more severe or lenient, to conclude the matter.
My studied opinion is that the judge below demonstrated and made the record show that he was mindful of all applicable statutes and that he, in accord with May, supra, considered "seriously those alternatives enumerated in the statute and ... the presence or absence of facilities for care of a minor offender... ." Accordingly I dissent to the majority opinion insofar as it orders the cause "remanded for clarification of sentencing."
SMITH and ROBERTSON, P.JJ, join in this dissent.
NOTES
[*] May v. State, 398 So.2d 1331 (Miss. 1981).