461 So.2d 720 (1984)
Willie HOUSTON, Jr.
v.
STATE of Mississippi.
No. 55241.
Supreme Court of Mississippi.
December 12, 1984.
*721 Willie Houston, Jr., pro se.
Edwin Lloyd Pittman, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, HAWKINS and SULLIVAN, JJ.
SULLIVAN, Justice for the Court:
The Circuit Court of Washington County, Mississippi, entered an order denying a petition for writ of habeas corpus filed on August 29, 1983, by appellant. From that order he appeals.
On December 2, 1982, appellant entered a plea of guilty to the crime of murder before the Circuit Court of Washington County, Mississippi, and was sentenced to life imprisonment. A second indictment of armed robbery against appellant was nol prossed by the state of Mississippi. On August 29, 1983, appellant filed a pro se petition for a writ of habeas corpus, alleging that his confessions and guilty plea were not knowingly and voluntarily made and that the circuit court of Washington County erred in not receiving a transfer of jurisdiction from the juvenile court before hearing his case. The Circuit Court of Washington County entered an order denying the petition for writ of habeas corpus, based upon a transcript in which Houston entered his guilty plea and upon our decision in Bougon v. State, 405 So.2d 101 (Miss. 1981), which states that the circuit court has exclusive jurisdiction to hear capital charges against a juvenile.
Appellant assigns two errors:
1. The failure of the trial court to hold that the appellant's confessions and guilty plea were not knowingly and voluntarily made.
2. Failure of the circuit court to receive certification from the juvenile court to try the case prior to receiving appellant's guilty plea.
Houston gave two confessions to the Greenville police on September 1, 1982, the day following the crime. Both confessions were signed on a voluntary statement form that acknowledged the reading and waiver of Houston's Miranda rights. The first statement given from 11:51 a.m. to 12:24 p.m. on September 1, 1982, recounts that Houston participated in the robbery but did not fire the shots that resulted in the death of the owner of Tom's Grocery. The second statement given by Houston was on the evening of September 1, 1982, from 6:20 to 6:34 p.m. and it reflects that in fact it was Houston who was carrying the gun.
Houston originally pled not guilty to separate indictments for capital murder and armed robbery. On December 2, 1982, Houston went before the Circuit Court of Washington County to withdraw his not guilty plea and enter a plea of guilty to the charge of murder upon the state's recommendation as to sentence, life imprisonment. The state moved to nol prosse the armed robbery charge.
*722 The court asked Houston if he wanted to plead guilty to the lesser included charge of murder. He replied, "Yes, sir, cause I was with the man who did it." Houston, a 16-year-old in the tenth grade, agreed that he had discussed the case with his lawyer, was satisfied with his services and had no complaints about his lawyer. The district attorney stated that the state was prepared to prove that Houston, together with Brown, shot Tom Quan with a pistol while engaged in a robbery. Houston agreed that the district attorney's statement was substantially correct and the crime the D.A. described was that to which he was pleading guilty.
The court then explained to Houston about the right to a trial by jury, the presumption of innocence, and the burden of proof on the state to prove his guilt beyond a reasonable doubt. The court explained to Houston that his lawyer would have the right to cross-examine the witnesses the state offered and that he could call any witnesses he had to testify before the jury. The court explained that under the law he had a choice as to whether he wanted to testify or not, and if he did not then the jury would not be allowed to presume, just from this fact alone, that he was guilty. The court also explained that he had the right to an appeal if he were convicted.
Houston agreed that he understood what had been explained to him about the jury trial, and that by entering the plea of guilty he gives up his right to trial by jury. He understood that he would be sentenced to life imprisonment. He agreed that no promises or hopes of reward had been made to induce him to enter the guilty plea. He agreed that no threats, force, coercion or intimidation had forced or intimidated him into entering the guilty plea. He agreed that he was entering this guilty plea freely and voluntarily, and that he was in fact guilty of the crime of murder to which he was pleading guilty.
Houston's parents agreed that they had conferred with their son and his lawyer about the plea and they understood what was happening.
The court accepted Houston's guilty plea and sentenced him to the State Department of Corrections at Parchman for the rest of his life and nol prossed the armed robbery charge.
On August 29, 1983, Houston filed a petition for writ of habeas corpus in the Circuit Court of Washington County, Mississippi, alleging that his confessions were the product of lengthy interrogations without the benefit of counsel and that he did not fully understand his Miranda rights at the time he signed the waiver and confessions. Houston alleged that in the lineup the victim's wife identified him as the person standing by the door. The petition refers to Exhibit C, although no such exhibit is a part of the record on appeal. Houston also alleged that at the time he pled guilty he believed he would be imprisoned in the county jail for no more than one year. Finally, Houston alleged that the circuit court erred in not receiving a certification from youth court to hear the murder charge against him.
Four days later, on September 2, 1983, the circuit court entered an order denying Houston's petition. Judge Wilkes, who heard Houston's initial change of plea, found that, based on the transcript, Houston fully understood his constitutional rights and his plea of guilty was freely and voluntarily made. The court rejected Houston's contention that the circuit court lacked jurisdiction because the case was not properly certified from Youth Court to Circuit Court. The court noted that certification was not necessary under Mississippi Code Annotated § 43-23-29 (1972), as construed by Bougon v. State, 405 So.2d 101 (Miss. 1981), in which the Court held that the circuit court has exclusive jurisdiction to hear cases where the minor is charged with any crime which upon conviction is punishable by life imprisonment or death.
Finally, with regard to sentencing, the court rejected Houston's contention that the Youth Court Act was not considered by the court to transfer his case to the Youth Court. The court noted that petitioner's attorney never filed a motion to transfer. *723 The court noted that the statutory alternative for sentencing minor offenders under Mississippi Code Annotated § 43-21-159(3) (1972) was considered but rejected in light of Houston's juvenile record and the seriousness of the crimes committed. The court found that it would not be in the best interest of either Houston or the public for him to be committed to a state institution for delinquents, a county jail, or placed on probation.

I.

WERE HOUSTON'S CONFESSIONS AND GUILTY PLEA KNOWINGLY AND VOLUNTARILY MADE?
Houston raises for the first time in his brief the contention that his attorney told him he would try to get him ten years if he pled guilty to murder.
The circuit court may dismiss a petition for writ of habeas corpus summarily, without an evidentiary hearing, if an examination of the petitioner's papers reveals that the claims are manifestly without merit. Sanders v. State, 440 So.2d 278, 284 (Miss. 1983). In Sanders, we also noted that:
The thoroughness with which Sanders was interrogated by the Circuit Court at the time the plea was tendered may well be the most important evidence of all. For, without regard to the advice or instructions Sanders may have been given by his attorneys, the Circuit Court's questioning of Sanders and explanations to him of his rights and of the consequences of his plea may (we emphasize, may) have been sufficient to render the plea voluntary without regard to anything else.
Id. at 288.
Houston's contention that he entered his plea of guilty on the firm representation by his counsel of a lenient sentence dissolves before the light of the transcript which reveals that the trial judge told Houston that life imprisonment was the only sentence that could be imposed in his case. Houston's acknowledgment of the trial court's mandatory duty to sentence him to life imprisonment appears on its face to rebut Houston's now-claimed anticipation of a lenient sentence.
Houston's contention that he was tricked into signing a waiver of his rights and only confessed to the murder after eight hours of persistent repeated questioning is not borne out by the record. The voluntary statement form on the first confession reflects that questioning lasted for 34 minutes. The second statement reflects that the questioning ended after 14 minutes. The fact that these statements are in the form of a written narrative, rather than a transcript of taperecorded conversations forecloses any evaluation by the circuit court or by this court as to the manner in which Houston was interrogated. However, Houston's decision to enter the guilty plea meant that no hearing was held on the issue of whether Houston's confessions were voluntarily given.
As noted in Sanders v. State, supra, a guilty plea constitutes a waiver of Houston's right against self-incrimination. While Houston's confession in open court that he was guilty of killing Tom Quan, may be rendered ambiguous by his prior statement that he was with the man who did it, this ambiguity is not sufficient to render involuntary his plea of guilty. The first confession paints Houston as an accomplice; his second confession indicates he was the triggerman. There is no indication in this record or in Houston's briefs that he entered his guilty plea relying on representations by either the court, the district attorney, or his own counsel that he would receive a lesser sentence as an accomplice. To the contrary, he was repeatedly told that the only sentence that could be imposed in his case was life imprisonment.
The trial court's interrogation of Houston in qualifying his plea of guilty clearly reveals that he was not offered any promises or hopes of reward for the plea of guilty, nor was he coerced, threatened or intimidated into making that plea. We noted *724 in Sanders that where an accused asserts that he lied about the absence of any threats or promises and disregarded warnings as to sentence in hopes of a more lenient sentence, the accused may be entitled to relief. 440 So.2d at 287-88. Houston, however, does not contend that he lied about the absence of threats or promises; nor can he reasonably contend that he expected a more lenient sentence in view of the trial judge's crystal clear admonition that life imprisonment was the only sentence he could impose. The circuit court's explanation to Houston of his constitutional right to trial by jury and the other protections afforded to him as an accused, coupled with Houston's unqualified acknowledgment that life imprisonment was the only sentence he could receive, were sufficient to render his plea voluntary without regard to anything else under the rule in Sanders v. State.
Houston's claim that his confessions and guilty plea were involuntary and not knowingly made are manifestly without merit.

II.

DID THE CIRCUIT COURT HAVE EXCLUSIVE JURISDICTION OVER HOUSTON'S CASE?
Yes. § 43-23-29 Mississippi Code Annotated (1972) provides that the circuit court shall have exclusive jurisdiction over any child thirteen years of age or older if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death. In Bougon v. State, 405 So.2d 101, this Court affirmed the conviction of a 16-year-old male who pled guilty to armed robbery and was sentenced to fourteen years in the Mississippi Department of Corrections. Bougon sought transfer of jurisdiction to the youth court of Lincoln County, but the trial judge denied the motion to transfer. In Houston's case, no motion to transfer to the youth court was filed. Therefore, the Circuit Court of Washington County retained exclusive jurisdiction to hear his case under § 43-23-29. In Bougon, the accused also petitioned to be sentenced by the circuit court under § 43-21-159(3), which provides the alternative punishments which Houston seeks to invoke on appeal. Houston made no petition for sentencing under this statute, however, the order denying the petition for writ of habeas corpus reflects that the trial judge considered the statutory alternatives for sentencing minor offenders under § 43-21-159(3). It was the trial judge's opinion that considering Houston's juvenile record and the seriousness of the crimes committed it would not be in the best interest of Houston to transfer his case to the youth court. It was also the trial judge's opinion that it would not be in the best interest of Houston or the public welfare to commit him to a state institution for delinquents, to a county jail, or to place him on probation.
Houston's second assignment of error is without merit.
Based upon the record and the law set out above, we find that the Circuit Court of Washington County was correct in denying the petition for writ of habeas corpus and in that action the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.