IN THE SUPREME COURT OF MISSISSIPPI

NO. 97-CA-00214-SCT

*MICHAEL FITZGERALD POUNDS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/97 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

In his brief to this Court appealing the lower court's dismissal of his PCR motion, Pounds outlines seven assignments of error. However, they essentially boil down to three issues: 1) the speedy trial violation, 2) ineffective assistance of counsel, and 3) failure of the trial court to grant his requests for production of documents. We find that none of these assignments of error have merit and therefore affirm the lower court's denial of post conviction relief.

<u>STATEMENT OF THE CASE AND FACTS</u>

Michael Pounds was indicted by the Lee County Grand Jury during the November Term, 1992, on two counts of armed robbery as a habitual offender in Cause Nos. CR92-421 and CR92-422. On November 19, 1992, while being held in the Lee County Jail on those charges, Pounds and four others escaped and were charged by the Lee County Grand Jury with jail escape in Cause No. CR93-

008. At a plea hearing conducted by Circuit Court Judge Thomas J. Gardner on August 24, 1994, Pounds pled guilty to all three charges. Judge Gardner sentenced him to serve ten years as a habitual offender in Cause No. CR92-421, thirty years suspended in Cause No. CR92-422, and five years in Cause No. CR93-008 to run concurrently with the ten year sentence in Cause No. CR92-421. The court retired the habitual offender portion in Cause No. CR92-422 on the State's motion.

On September 12, 1996, Pounds filed his Petition for Post Conviction Relief in Cause Nos. CR92-421 and CR92-422. He also filed a memorandum and exhibits in support of his motion, alleging that his constitutional and statutory right to a speedy trial had been violated and that he received ineffective assistance of counsel. Judge Gardner dismissed Pounds's PCR motion on January 28, 1997, after reviewing the plea transcript and court records. Pounds appeals to this Court from the lower court's denial of post conviction relief.

## I.

### WHETHER POUNDS WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.

The Prisoner Commitment Notice signed by Judge Gardner upon sentencing Pounds indicates that Pounds was confined in the Lee County Jail beginning on August 7, 1992. Since his plea hearing was held more than two years later, on August 24, 1994, Pounds asserts that his constitutional and statutory rights to a speedy trial were violated. The record before this Court contains no documents revealing the reason(s) for this delay. Pounds maintains that the State intentionally delayed his trial to gain the tactical advantage. He claims that the delay prevented him from receiving a psychological evaluation and caused him to lose valuable witnesses for developing his insanity defense. Pounds argues that he had no choice but to plead guilty because of the prejudice caused by the trial delay.

As the State points out in its brief, a valid guilty plea operates to waive the defendant's right to a speedy trial. "[W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. . . . We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin." *Anderson v. State*, 577 So.2d 390, 391-92 (Miss. 1991).

The question then becomes whether Pounds's guilty pleas to the armed robbery charges were valid. Pounds contends that he was forced into pleading guilty due to the prejudice resulting from the two-year delay in proceeding to trial. However, this position is belied by Pounds's responses to Judge Gardner's questions at his plea hearing. The transcript clearly reveals that Pounds wanted to plead guilty because he did in fact commit the armed robberies, not because of any outside influence, duress, promises, threats or coercion. Judge Gardner satisfied the requirements under URCCC 8.04, *Gilliard v. State*, 462 So.2d 710, 712 (Miss. 1985) (*citing Henderson v. Morgan*, 426 U.S. 637 (1976)), and *Boykin v. Alabama*, 395 U.S. 238 (1969), for ensuring that a guilty plea is made knowingly and voluntarily. He informed Pounds that by pleading guilty he would be waiving his right to a jury trial, right against self incrimination, right to confront and cross-examine witnesses against him, right to subpoena witnesses, and right to an appeal. Before accepting Pounds's guilty pleas the judge also established a factual basis for the pleas and informed Pounds of the maximum and minimum penalties for the charges against him.

Where the plea hearing transcript belies the petitioner's claims, the trial court is not in error for

dismissing the motion for post conviction relief without an evidentiary hearing. *Harveston v. State*, 597 So.2d 641, 642-43 (Miss. 1992); *Houston v. State*, 461 So.2d 720, 722-24 (Miss. 1984). Based upon the court file, pleadings, and plea transcript before him, Judge Gardner did not err in finding that Pounds was not forced into pleading guilty due to any alleged intentional trial delay. Since Pounds entered a valid guilty plea, he effectively waived his right to a speedy trial.

## II.

## WHETHER POUNDS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

Pounds asserts that he received ineffective assistance of counsel due to his attorney's failure to obtain a psychological examination, prepare an adequate insanity defense, or to assert his right to a speedy trial. In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show 1) that his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Pounds contends that up until his plea hearing he was represented by Michael G. Thorne, but Melvin C. Ellis, III represented Pounds at his plea hearing on August 24, 1994. Although the transcript from Pounds's plea hearing reveals that Pounds was satisfied with the representation he received from Mr. Ellis, Pounds asserts that Mr. Thorne failed to satisfactorily investigate his chosen defense of insanity by failing to obtain a psychological exam or interview witnesses.

The plea hearing transcript reveals that Pounds was evaluated by a psychologist, who according to Mr. Ellis gave him "a clean bill of health." Even if the exam had been conducted sooner, it would have been of no aid to Pounds's defense. This part of Pounds's claim, therefore, is without merit.

Pounds's assertion that he received ineffective assistance of counsel based upon his denial of a speedy trial is similarly unconvincing. As the State points out in its brief, Pounds's argument fails, because he did not claim that the outcome of his case would have been different but for his attorney's deficient performance. *Strickland*, 466 U.S. at 687. We have already found that there was no resulting prejudice from any delay in receiving the psychological exam. Furthermore, the affidavits presented by Pounds do not support his position that witnesses were lost due to any trial delay. By failing to satisfy the second prong of the *Strickland* test, Pounds loses his argument regarding ineffective assistance of counsel.

## III.

## WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT POUNDS'S REQUESTS FOR PRODUCTION OF DOCUMENTS.

Pounds asserts that the trial court erred in refusing to grant his multiple requests for production of documents. The record before us does not contain any court orders denying Pounds access to his court files. Instead, the record contains a letter from Circuit Clerk Mary Faye Gwin acknowledging that copies of the court files in Cause Nos. CR92-421 and CR92-422 were mailed to Pounds. Since Pounds was given a copy of the entire court file, this issue is without merit.

## CONCLUSION

Pounds waived his constitutional and statutory rights to a speedy trial by entering a valid guilty plea. His failure to assert that the outcome of his case was altered by his attorney's performance defeats his argument for ineffective assistance of counsel based upon the two-year delay between his arrest and plea hearing. Because the circuit court provided Pounds with a copy of the entire court file in Cause Nos. CR92-421 and CR92-422, his claim regarding the trial court's denial of his requests for production of documents is also without merit. We therefore affirm the lower court's denial of post conviction relief in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**