# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01048-SCT

*STATE OF MISSISSIPPI*

*v.*

*LUIS VIGO SANTIAGO a/k/a AVERY HINESTOVA BALANTA a/k/a LUIE SANTIAGO VIGO a/k/a LUIE VIGO SANTIAGO*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/1999 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  THOMAS L. ROSENBLATT |
| ATTORNEYS FOR APPELLEE: | GEORGE F. WEST, JR. |
| | WALTER J. PINK |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 09/21/2000 |
| MOTION FOR REHEARING FILED: | 10/10/2000; denied 12/14/2000 |
| MANDATE ISSUED: | 12/27/2000 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## INTRODUCTION

¶1. As part of a plea agreement, Luis Vigo Santiago ("Santiago") pled guilty to one count of the sale of cocaine and was sentenced to a term of twenty years in prison, with five years suspended. Santiago subsequently filed a motion for post-conviction relief, alleging that he pled guilty only because the State promised him that he would receive a sentence of no greater than seven years in prison. The trial court granted Santiago's motion, vacated his sentence, and set a trial date so that Santiago could be tried on all the counts contained in the indictment. Aggrieved, the State of Mississippi perfected its appeal to this Court.

## STATEMENT OF THE CASE

¶2. Santiago was indicted by the Wilkinson County grand jury on one count of sale of cocaine within a church zone (Count I) and one count of possession of cocaine with intent to deliver within a church zone (Count II). Santiago agreed to plead guilty to Count I in exchange for which the enhancement portion of Count I (sale within a church zone) was dropped and Count II of the indictment was dismissed. The trial

court then sentenced Santiago to serve twenty years in the custody of the Mississippi Department of Corrections, with five of those years suspended. From the time he was arraigned through the time he entered his guilty plea, Santiago has been represented by paid counsel.

¶3. Approximately fourteen months after being sentenced, Santiago moved to set aside his guilty plea and requested a trial on the charges contained in the indictment. Santiago claimed that his guilty plea was based on the district attorney's promise that in exchange for said plea, he would be sentenced to no more than seven years in prison. At a hearing on the motion, the State argued that because of the amount of time which had passed since Santiago was sentenced, his motion to set aside the guilty plea was procedurally inappropriate, and the only relief available to him was through the Mississippi Uniform Post-Conviction Collateral Relief Act (hereinafter "UPCRA"), pursuant to Section 99-39-1 et. seq of the Mississippi Code. The State did not argue the merits of Santiago's attempt to procure post-conviction relief ("PCR").

¶4. The trial court agreed with the State's procedural argument and dismissed Santiago's motion. However, the trial court granted leave for Santiago to file a motion for PCR under the UPCRA. A copy of Santiago's motion to set aside the guilty plea was made, retitled "Motion for PCR," and filed with the circuit court. A certificate of service asserts that the State was served with the PCR motion on the same day. The trial court subsequently granted Santiago's PCR motion, vacating his sentence and setting the matter for trial. On appeal, the State claims it received no notice of trial court's order granting PCR and that it had no opportunity to respond to Santiago's motion. The record reveals that the State filed an answer to the PCR motion but that said answer was not filed until two weeks after the trial court vacated Santiago's sentence. In the answer, the State denied having made any representations to Santiago regarding any sentence he might receive upon pleading guilty. The State, aggrieved by the order of the trial court granting PCR, vacating Santiago's sentence, and setting the matter for trial, now appeals to this Court, raising the following issues:

## ISSUES

**I. The requirements of Mississippi Uniform Post-Conviction Collateral Relief Act were not satisfied.**

**II. No evidence in the record, other than Santiago's affidavit, supports the granting of post-conviction relief.**

**III. Santiago's guilty plea was knowing and voluntary.**

## LEGAL ANALYSIS

**I. Were the requirements of the Mississippi Uniform Post-Conviction Collateral Relief Act satisfied?**

¶5. The State contends that the trial court failed to provide it proper notice prior to granting Santiago's PCR motion. This Court agrees that the trial court violated the clear mandates of the UPCRA.

¶6. The UPCRA requires that certain procedures be followed:

(1) The original [PCR] motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.

(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

(3) If the motion is not dismissed under subsection (2) of this section, the judge *shall* order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Miss. Code Ann. § 99-39-11 (Supp. 1999) (emphasis added).

¶7. In the case *sub judice*, Santiago filed a PCR motion which the trial court subsequently granted. The trial court, however, did not issue an order, prior to handing down its decision, directing the State to either file an answer to the PCR motion or to take any other action in response to said motion. The trial court's action clearly contradicts the plain language of Section 99-39-11(3) of the Mississippi Code.

¶8. In sustaining Santiago's PCR motion, the trial court stated that an "evidentiary hearing" had been held and that based on the evidence presented therein, along with the information contained in the record, it found Santiago's PCR motion to be well taken. However, at this purported "evidentiary hearing" the State merely argued that Santiago's motion to set aside his guilty plea was procedurally inappropriate, offering no evidence regarding Santiago's entitlement to PCR. By the time the State answered Santiago's PCR motion, the trial court already had vacated Santiago's sentence and ordered a new trial. Therefore, when the trial court ruled on the PCR motion, it had no evidence before it which had been offered by the State in opposition to the motion.

¶9. For the aforementioned reasons, this Court finds that the trial court erred in not affording the State an opportunity to oppose Santiago's PCR motion prior to ruling on that motion.

### II. Does the record support the granting of PCR in this case?

¶10. The State argues that no evidence, other than Santiago's own affidavit, supports the granting of PCR in this case. This Court finds the State's argument well taken and holds that the trial court erred in sustaining Santiago's PCR motion.

¶11. Under Section 99-39-11(2) of the Mississippi Code, a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the UPCRA. This Court has established that dismissal of a PCR motion is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991). On numerous occasions, this Court has affirmed such dismissals when the petitioner's claims are belied by the records of the proceedings below. *Taylor v. State*, 682 So. 2d 359, 362-63 (Miss. 1996); *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992); *Harveston v. State*, 597 So. 2d 641, 642-43 (Miss. 1992); *Lott v. State*, 597 So. 2d 627, 630-31 (Miss. 1992). In *Houston v. State*, 461 So. 2d 720, 723 (Miss. 1984), the defendant, who had pled guilty to murder under a plea agreement and who had stated that he understood the trial court had no discretion to impose any sentence other than life imprisonment, filed a petition for PCR which the trial court summarily denied. This Court affirmed, holding that:

Houston's contention that he entered his plea of guilty on the firm representation by his counsel of a

lenient sentence dissolves before the light of the transcript which reveals that the trial judge told Houston that life imprisonment was the only sentence that could be imposed in his case. Houston's acknowledgment of the trial court's mandatory duty to sentence him to life imprisonment appears on its face to rebut Houston's now-claimed anticipation of a lenient sentence.

*Houston*, 461 So. 2d at 723.

¶12. In the instant case, the record remains devoid of any evidence supporting the granting of Santiago's PCR motion. In fact, the record reflects that Santiago knew he could possibly receive a sentence of greater than seven years in prison. In his sworn petition to plead guilty to Count I of the indictment, Santiago stated, "I know that the sentence I will receive is solely a matter for the judge to decide." Additionally, while entering his guilty plea, Santiago acknowledged to the trial court that he understood the trial court had the discretion to impose a sentence ranging anywhere from a minimum of a suspended sentence to a maximum of 30 years in prison, and Santiago twice told the trial court that he had not been promised anything in order to obtain his guilty plea. At no point during the hearing at which Santiago entered his guilty plea did the State mention any promise that Santiago would receive a sentence of no more than seven years.

¶13. This Court finds nothing in the record to support Santiago's allegation that he was promised a sentence of no greater than seven years in exchange for his guilty plea. Neither the petition to plead guilty nor the transcript from the hearing at which he entered his plea makes any reference to a recommendation or affirmative promise regarding sentencing. Santiago also acknowledged that the trial court had sole discretion in determining the length of any sentence he would receive upon pleading guilty and stated that he had not been promised anything in exchange for his guilty plea. For these reasons, this Court holds that the trial court erred in sustaining Santiago's motion for PCR as Santiago cannot prove any set of facts which would entitle him to PCR.

### III. Was Santiago's guilty plea knowing and voluntary?

¶14. Lastly, the State asserts that the trial court erred in vacating Santiago's sentence and in granting PCR because Santiago's guilty plea was knowingly and voluntarily entered. Once again, this Court agrees with the State's position, finding that Santiago fully understood the charges against him, the effect of pleading guilty, and the possibility of receiving a sentence of up to 30 years in prison.

¶15. This Court has held that "[a] plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence." *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by preponderance of the evidence. Miss. Code Ann. § 99-39-23(7) (Supp. 1999). That burden cannot be met simply by showing a "mere expectation or hope, however reasonable, of a lesser sentence." *Sanders v. State*, 440 So. 2d 278, 287 (Miss. 1983). Indeed, while promises of leniency in sentencing in exchange for a plea of guilty may render a plea involuntary, this Court has affirmed the denial of PCR in previous cases where, even though promised leniency, the defendant's expectation of leniency was unjustified in light of the trial court's exhaustive questioning prior to accepting the guilty plea. *House v. State*, 754 So. 2d 1147, 1152 (Miss. 1999). In *House*, this Court held that a defendant, who had been told by his attorney that he would be sent to a half-way house and not required to serve any jail time if he pled guilty, could not prove that his guilty plea was involuntary where he told the trial court that he understood the possible sentences that could be imposed and that no one had promised him leniency. *House*, 754 So. 2d at 1152. Likewise, in *Schmitt*,

this Court stated that even if the defendant's attorney led him to believe he would receive a suspended sentence in exchange for his guilty plea, the trial court's remarks prior to accepting the plea were sufficient to indicate to him that he was not likely to receive such a sentence. *Schmitt*, 560 So. 2d at 153.

¶16. In the case *sub judice*, Santiago's plea was given knowingly and voluntarily. In his petition to plead guilty, Santiago stated that he fully understood the charges against him, that he understood his rights under the Constitution and that he would waive those rights by pleading guilty, and that he understood that the trial judge had the sole discretion in sentencing him if he pled guilty. Santiago subsequently informed the trial court that he had reviewed the petition with his attorneys and interpreter, that he understood everything contained therein, and that all the information in the petition was true and correct.

¶17. At the plea hearing, the assistant district attorney, prior to the entry of Santiago's guilty plea, provided a detailed description of the charges pending against Santiago. In addition to spelling out the nature of the charges, the assistant district attorney also announced the name of Santiago's co-defendant, the date of the alleged offense, the name of the individual who allegedly bought drugs from Santiago and his co-defendant, and the amount of money allegedly paid for the drugs. Santiago then told the trial court that he understood the charges, and he admitted that he was guilty. Additionally, Santiago informed the trial court that he had not been promised anything or threatened by anyone in order to obtain his guilty plea. Both of Santiago's attorneys, as well as the assistant district attorney, agreed that there was a factual basis for the guilty plea.

¶18. Prior to accepting the guilty plea, the trial court asked Santiago a series of questions pertaining to his plea. Santiago responded that he understood he had a right to a jury trial and that he waived that right by pleading guilty. Santiago further stated that he understood a jury of twelve would have to agree unanimously to convict him, that the State would have the burden to establish the elements of the charges, and that he would have the right to confront all witnesses against him. The trial court then questioned Santiago's attorneys who both told the trial court that they each had informed Santiago of his rights under the Constitution. One of these attorneys, who speaks fluent Spanish, assured the trial court that Santiago understood his Constitutional rights, and understood that he was pleading guilty to a crime.[1]

¶19. Based on the foregoing, this Court finds that Santiago understood the charges against him, that he understood the effect of pleading guilty, and that he understood the possible sentence. Even assuming, *arguendo*, that Santiago could prove that the State promised him a maximum seven year sentence in exchange for his guilty plea, the trial court's questioning at the plea hearing sufficiently put him on notice that such a promise might not be enforced. Therefore, this Court finds that Santiago cannot prove by the preponderance of the evidence that his guilty plea was involuntary.

## CONCLUSION

¶20. The trial court's order vacating Santiago's sentence and setting the matter for trial is hereby reversed, and because we find Santiago's PCR motion to be not well taken, it is hereby dismissed.

¶21. **REVERSED AND RENDERED**.

> **PITTMAN, P.J., MILLS AND DIAZ, JJ., CONCUR. SMITH, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J. BANKS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY McRAE AND WALLER, JJ.**

**SMITH, JUSTICE, CONCURRING:**

¶22. I agree with the majority's conclusion that the record does not support the granting of Santiago's PCR motion. Therefore, I concur with the result reached in this case. However, I disagree with the majority's conclusion that the trial court did not comply with the procedural requirement of Miss. Code Ann. § 99-39-11(3) (Supp. 1999) by failing to afford the State an opportunity to oppose Santiago's PCR motion prior to the trial court's ruling on that motion.

¶23. According to Miss. Code Ann. § 99-39-9(5), an answer is not required unless so ordered by the court under § 99-39-11(3). Section 99-39-11(3) provides:

> If the motion is not dismissed under subsection (2) of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

The majority states that the record contains no order by the trial court directing the State to file an answer to Santiago's PCR motion or to take any other action in response to the motion. This is incorrect. At the conclusion of the hearing on Santiago's motion to set aside his guilty plea, the following exchange occurred:

> THE COURT: At this particular point, the Court is going to dismiss the motion pending before the Court today, Motion to Set Aside the Plea, but will advise the attorneys for the defendant that if the proper motion for post-conviction relief pursuant to Section 99-39-1 of the Mississippi Code is filed within ten (10) days, the Court will entertain that motion. The Court would request that the parties submit this motion along with supporting affidavits in lieu of oral testimony and memorandums and let the Court rule on that as opposed to another hearing; but if either side desires a hearing, we will set down a hearing on this matter....
>
> MR. ROSENBLATT [for the prosecution]: Would the Court also wish us to submit along with its answer similar memoranda and affidavits?
>
> THE COURT: Yes, all of that.

¶24. In my view, this constitutes an order, be it oral, of the court that the State submit an answer to Santiago's motion. The court apparently fixed no period of time in which the State was to submit its answer. On April 23, 1999, twenty-four days after ordering the State to submit an answer, the trial court ruled on the PCR motion. Whether this was a reasonable period for which to await the State's response, is not a question this Court must reach here. Regardless of the failure of the State to submit its answer and/or the failure of the trial court to await that answer, the record is void of evidence on which the trial judge could base a grant of post-conviction relief. The trial judge erroneously granted the petition - a conclusion already reached by the majority.

**COBB, J., JOINS THIS OPINION.**

**BANKS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶25. I agree with the majority that this matter should be reversed. However, in my view, this matter has not ripened to the point where this Court can render judgment. Consequently, it must be remanded. Therefore,

I respectfully dissent in part.

¶26. The following dialogue took place between the trial court and the assistant district attorney on this matter:

> **THE COURT**: At this particular point, the Court is going to dismiss the motion pending before the Court today, Motion to Set Aside the Plea, but will advise the attorneys for the defendant that if the proper motion for post-conviction relief pursuant to Section 99-39-1 of the Mississippi Code is filed within ten (10) days, the Court will entertain that motion. (Interpreting.)
>
> **The Court would request that the parties submit this motion along with supporting affidavits and in lieu of oral testimony and memorandums and let the Court rule on that as opposed to another hearing**; but if either side desires a hearing, we will set down a hearing on this matter. (Interpreting.) And right now just off the top of my head, because I had a discussion with my Court Administrator, would be the first week in June if we do anything; we just had a trial to go off, and I know those days are available that we could entertain this motion. (Interpreting.)
>
> **MR. ROSENBLATT** [the assistant district attorney]: **Would the Court also wish us to submit along with its answer similar memoranda and affidavits?**
>
> **THE COURT**: Yes, all of that.

(emphasis added).

¶27. Arguably, this conversation was an order by the court in compliance with Miss. Code Ann. § 99-39-11 (Supp. 1999). Here, the court asked *the parties* to properly submit the motion. The State asked the court what should be included in its answer. This may have caused some confusion between the State and the court.

¶28. Nevertheless, I agree with the majority that the trial court erred by not entering another order requesting an answer after examining Santiago's re-filed PCR motion. Here is where my agreement with the majority ends.

¶29. In my view, this matter should be remanded with instructions that the State should be allowed to timely and properly file its answer. That answer puts an issue which should be resolved by the trial court in the first instance, that is, whether to have a hearing on the matter. While Santiago's assertions are disputed by the answer and affidavit filed by the State and, seemingly, by the record of the plea hearing, the decision whether to go forward to an evidentiary hearing is one for the trial court to make. Even if a decision to deny an evidentiary hearing on the record before us would be affirmable, it is not for us to say that the court which took the plea in the first place and which has the record before us could not have exercised its discretion to hold an evidentiary hearing, at which other witnesses could be called.

¶30. Here the trial court acted as if the State were in default, relying on its apparent understanding of the colloquy that the State would file an answer promptly after a re-filed petition. In doing so the court erred. Our task should end in restoring the matter to the point in the proceedings prior to the error having occurred. That is, we should vacate the order setting aside the plea and remand this case for the trial court to consider whether to request an answer from the State. Should it decide that no answer is required, it may dismiss the petition. Should it decide otherwise, it should enter an order requesting a response.

Alternatively, we should simply vacate the order setting aside the plea and remand for further proceedings in view of the answer already filed by the State.

**McRAE AND WALLER, JJ., JOIN THIS OPINION.**

1. Santiago is a native of South America. At his arraignment, his attorney informed the judge that Santiago "speaks pretty good English, but not fluently." However, Santiago's PCR motion states that he "speaks very little English, his understanding is very poor, and absent an interpreter, [he] cannot hold a decent conversation with understanding to a person speaking the English language." Regardless of the degree to which he can understand English, in addition to having an attorney who speaks fluent Spanish, Santiago also had the services of a translator throughout the process of entering his guilty plea.