MOORE, J.,
for the Court:
¶ 1. Roger D. Love was indicted for depraved heart murder and pled guilty to a reduced charge of manslaughter before the Leflore County Circuit Court and was sentenced to fifteen years with eight years suspended under the custody and control of the Mississippi Department of Corrections. Love filed a petition for post-conviction collateral relief. After a hearing on the matter, the circuit court denied Love’s petition. As summarized by the court, Love cites the following issues on appeal:
I. WHETHER LOVE’S PLEA OF GUILTY WAS NOT VOLUNTARY BECAUSE HE DID NOT UNDERSTAND THAT HE WAS BEING CHARGED AS A PRINCIPAL AND THAT HE WOULD HAVE TO SERVE EIGHTY-FIVE PERCENT OF HIS SENTENCE BEFORE BEING ELIGIBLE FOR PAROLE.
II. WHETHER LOVE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.
FACTS
¶ 2. Roger D. Love was driving a car with three of his male cousins as his passengers. They had a minor altercation with another group of young men and then went to their grandmother’s house where Love obtained a shotgun. Love gave the shotgun to the front seat passenger, Jarvis Adams, and drove back to the scene of the altercation. There, Love turned off the car lights and drove by the group of young men while Adams fired into the crowd. One young man in the crowd, Corianta Smith, was killed during the drive-by shooting.
¶ 3. Love and his cousins were charged with acting in concert in the commission of an act eminently dangerous to others and evincing a depraved heart, or depraved heart murder. With assistance of counsel, Love pled guilty to manslaughter. During the plea hearing, the court informed Love of the minimum and maximum sentences the charge of manslaughter could carry, that parole is not a matter of right, and that the entire sentence may have to be served. Also during the plea hearing, Love told the court that he was satisfied with his attorney and that he understood the charges against him and the sentence he could receive. The district attorney announced during the hearing that the State was working under the theory of law that where one is present, consents, and encourages the commission of a crime, one is considered a principal.
¶ 4. After serving approximately six months of his sentence, Love filed a petition for post-conviction relief citing the aforementioned issues. Love was granted a hearing on his motion and offered only his own testimony that he was “bewildered” during the plea hearing and that his attorney did not inform him of the eighty-five percent law or that he was being charged as a principal. The court then denied Love’s petition.
LAW AND ANALYSIS
I. WHETHER LOVE’S PLEA OF GUILTY WAS NOT VOLUNTARY BECAUSE HE DID NOT UNDERSTAND THAT HE WAS BEING CHARGED AS A PRINCIPAL AND THAT HE WOULD HAVE TO SERVE EIGHTY-FIVE PERCENT OF HIS SENTENCE BEFORE BEING ELIGIBLE FOR PAROLE.
¶ 5. Love argues that his plea of guilty was not voluntary because he did not understand that he would have to serve eighty-five percent of his sentence before he would be eligible for parole as per Miss.Code Ann. § 47-5-138 (Supp.1999), and that he did not understand that he was being charged as a principal. A guilty plea must be made voluntarily in order to satisfy the defendant’s constitutional rights. A plea is voluntary if the defendant understands the nature of the charge and its relation to him, what effect the plea will have, and what the possible *1047 sentence might be because of his plea. Schmitt v. State, 560 So.2d 148, 158 (Miss.1990). When the record shows that the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, the defendant’s claimed expectation of a more lenient sentence is rebutted. Houston v. State, 461 So.2d 720, 724 (Miss.1984). Furthermore, when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney. Roland v. State, 666 So.2d 747, 751 (Miss.1995).
¶ 6. The record of Love’s plea hearing reflects that the trial court fully explained to Love the minimum and maximum sentence for manslaughter and that parole is not a matter of right and is not always allowed. Furthermore, the State announced on the record that Love was being charged as a principal because he consented to and encouraged the acts which resulted in the murder of Corianta Smith. When questioned about whether anyone had told Love when he would be eligible for parole and whether he understood the maximum and minimum penalties, Love responded that he did understand. Love further acknowledged that he understood that he was being charged as a principal for the aforementioned acts which resulted in murder. In light of these facts, we find that Love’s argument that his plea was not voluntary to be without merit.
¶ 7. In his brief, Love mentions that he was intoxicated and not “in his right mind” when he participated in the drive-by shooting. Apparently, Love would like an opportunity to establish intoxication as a defense. This Court finds that Love waived the right to establish any defenses when he entered a voluntary plea of guilty. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989).
II. WHETHER LOVE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 8. Love contends that he received ineffective assistance of counsel because his attorney did not explain the eighty-five percent law to Love. Also, Love contends that his attorney was in error by responding “no” to the trial court’s question, “Is there a reasonable basis for the court to not accept petitioner’s plea of guilty?” Love argues that his attorney knew Love did not understand the “law” and that his attorney induced Love into pleading guilty.
¶ 9. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “our confidence in the correctness of the outcome is undermined.” Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). This standard is also applicable to a guilty plea. Schmitt, 560 So.2d at 154. A strong, but rebuttable presumption exists that “counsel’s conduct falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that “but for” the deficiency, a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 10. In situations where the issue of ineffective assistance of counsel is addressed in a petition for post-conviction relief, the allegation must be alleged with specificity. Ford v. State, 708 So.2d 73, 74 (Miss.1998), (citing Smith v. State, 434 So.2d 212, 219 (Miss.1983)). In Ford, the appellant alleged that his attorney coerced him into pleading guilty, but Ford did not state the manner in which this occurred. The court found that Ford failed to meet his burden of proof in that his allegations lack the specificity and detail required to establish a prima facie showing. Ford, 708 So.2d at 74, (citing Miss. Code Ann. § 99-39-9(l)(c) (1994)). In Lindsay v. State, 720 So.2d 182, 184 (Miss.1998), the court *1048 found that when a party offers only his own affidavit, then his ineffective assistance of counsel claim is without merit. In Wilson v. State, 577 So.2d 394, 396 (Miss.1991), the court relied on the U.S. Supreme Court case of Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), to support their finding that a defendant does not meet the “but for” test in Strickland when he does not allege that he would have insisted on going to trial if he had been correctly informed.
¶ 11. Before being denied post-conviction relief, Love was granted an evi-dentiary hearing. During that hearing, Love offered no proof of ineffective assistance of counsel other than his own testimony that he was “bewildered” about the law. Love supports his theory that he received ineffective assistance of counsel by the tenuous proposition that his attorney should have taken it upon himself to tell the trial court that Love did not understand the plea process despite the fact that Love had already told the trial court that he did understand his plea and the effects of his plea. Due to the fact that Love did not make out a prima facie case of ineffective assistance of counsel and the fact that he stated that he does not want to go to trial, Love has not met the two-prong test set out in Strickland that his attorney was deficient or that but for the deficiency the outcome of his case would have been different. Therefore, we affirm the trial court’s denial of post-conviction relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.